J-A23045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.T., | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | | |
| v. | | |
| K.A., | | |
| Appellee | | No. 444 WDA 2014 |

Appeal from the Order entered on March 7, 2014,
in the Court of Common Pleas of Allegheny County,
Family Court Division at No:  FD 08-003646-010

BEFORE:  DONOHUE, ALLEN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED OCTOBER 31, 2014**

D.T. ("Father") appeals, *pro se*, from the Order entered on March 7, 2014, denying reconsideration of the Custody Order[1] awarding shared legal custody and shared physical custody of R.T. ("Child"), born in May 2008, to Father and Child's mother, K.A. ("Mother").  We dismiss the appeal.

The trial court set forth the factual background and procedural history of this appeal as follows:

> On or about July 17, 2008, [M]other filed a [C]omplaint in support on behalf of [C]hild.  At the time that the [C]omplaint was filed, [F]ather was residing in Georgia.  When paternity was established through genetic testing, [F]ather returned to Allegheny County, Pennsylvania[,] and[,] on May 4, 2010, [F]ather filed a [C]omplaint for shared custody of [C]hild.
>
> The parties participated in custody education and mediation as well as conciliation without reaching an agreement.

---

[1] The Custody Order is dated December 13, 2013, but was not entered on the docket until December 16, 2013.

Subsequently, on May 30, 2010, a custody hearing was held before the Partial Custody Hearing Officer, Laura Valles ["Hearing Officer Valles"]. Hearing Officer Valles issued a report and recommendations on October 12, 2012[,] that gave primary physical custody to [M]other, and partial [physical] custody to [F]ather on a transitional schedule. On November 1, 2010, [M]other timely filed exceptions to [] Hearing Officer [Valles]'s report and recommendations. Mother subsequently filed a brief in support of her exceptions on December 6, 2010[,] and [F]ather filed a brief on February 9, 2011. On February 10, 2011, [the trial court] denied the exceptions, and the recommendations of [] Hearing Officer [Valles] became a final [O]rder of court.

Since the hearing on the exceptions on February 9, 2011, both [M]other and [F]ather have led [C]hild through a torturous labyrinth of filings and court hearings, which culminated in a two-day custody trial in October of 2013.

A custody trial was held in this case on October 23 and 24, 2013. The case was continued until December 6, 2013, for the court to hear from [F]ather's former paramour and caregiver for [C]hild, and for the parties to make argument and present posed [*sic*] orders of court. The record was closed on December 6, 2013. [The trial court] recessed until December 13, 2013[,] to review evidence in this case and prepare an order.

On December 1[6], 2013, [the trial court] issued [the Custody O]rder[,] giving the parties as close to shared custody as was practicable in this case.[1] [The trial court] placed its findings on the record, which included an application of the 16 Factors to consider in Awarding Custody pursuant to 23 Pa.C.S.A. § 5328. [The trial court] also placed [its] findings in writing.[2]

---

[2] The Custody Order awarded shared legal custody of Child to both Mother and Father. **See** Trial Court Order, 12/16/13, at ¶ 15. Additionally, the Custody Order awarded Mother primary physical custody of Child during the school term, and partial physical custody to Father during that time, in accordance with a schedule. **See id**. at ¶¶ 1, 2. The Custody Order awarded Father primary physical custody of Child when school is not in session in the summer, with Mother having partial physical custody during that time. **See id**. at ¶¶ 3, 4.

On January 8, 2014, [F]ather filed [a Motion] for reconsideration of the [Custody O]rder entered on December 1[6], 2013. On March 7, 2014, [the Motion for] reconsideration was denied. Father filed [a] Notice of Appeal on March 14, 2014. Father failed to file his [Concise] Statement of Matters Complained of on Appeal with his Notice of Appeal[,] as required by [Pa.R.A.P.] 1925(b). At [the trial court's] request, [F]ather filed a Concise Statement of Matters Complained of on Appeal on March 28, 2014. Father has not ordered copies of the transcripts of the custody trial or the argument on his Motion for reconsideration to be prepared. Consequently, no transcripts have been prepared in this case.

Trial Court Opinion, 4/21/14, at 1-2 (footnote added).

Initially, we must determine whether this Court lacks jurisdiction over the appeal due to timeliness considerations. An appeal must be taken from the underlying order, not from a subsequent order denying reconsideration of the underlying order. **See Valentine v. Wroten**, 580 A.2d 757, 758 (Pa. Super. 1990). Thus, Father was required to appeal the Custody Order (rather than the Order denying his Motion for reconsideration of the Custody Order), and to file his appeal within thirty days from the entry of the Custody Order.[3] **See** Pa.R.A.P. 903(a). However, Father's improper appeal from the Order denying reconsideration is not fatal to his appeal if he timely appealed from the Custody Order.

Pursuant to Pa.R.C.P. 236(a)(2), the prothonotary must immediately give written notice to the parties of any order entered by the trial court.

---

[3] We note that the proper procedure would have been for Father to file a notice of appeal of the Custody Order when he filed his Motion for reconsideration. **See Cheathem v. Temple Univ. Hosp.**, 743 A.2d 518, 520-521 (Pa. Super. 1999) (citing Pa.R.A.P. 1701(b)(3), cmt.).

*See* Pa.R.C.P. 236(a)(2). Additionally, the prothonotary must note in the docket the giving of such notice. *See* Pa.R.C.P. 236(b). Finally, the date of entry of an order is "the day on which the clerk makes the notation in the docket that *notice* of entry of the order has been given as required by Pa.R.C.P. 236(b)." Pa.R.A.P. 108(b) (emphasis added).

> Our Supreme Court has held that "an order is not appealable until it is entered on the docket *with the required notation that appropriate notice has been given." **Frazier v. City of Philadelphia*, 557 Pa. 618, 621, 735 A.2d 113, 115 (1999) (emphasis added). Where there is no indication on the docket that Rule 236(b) notice has been given, then the appeal period has not started to run. **Id.* at 621-22, 735 A.2d at 115. Our Supreme Court has expressly held that this is a bright-line rule, to be interpreted strictly. That the appealing party did indeed receive notice does not alter the rule that the 30-day appeal period is not triggered until the clerk makes a notation on the docket that notice of entry of the order has been given. **Id.*

*In re L.M.*, 923 A.2d 505, 508 (Pa. Super. 2007).

Our review of the record reveals that the prothonotary failed to indicate on the trial court docket that it provided notice of the Custody Order to the parties, in compliance with Pa.R.C.P. 236(b).[4] Thus, the appeal period was not triggered. *See Frazier*, 735 A.2d at 115. Accordingly, Father's appeal from the Custody Order is not untimely, and we will proceed to review the merits of the appeal.

On appeal, Father raises the following issues for our review:

---

[4] We note, with disapproval, the absence of Rule 236(b) notice on the trial court docket for *any* of the Orders entered in this case.

1. [Whether] [t]he trial [c]ourt committed error and abuse[d] [] its discretion in finding that [M]other was not in contempt of [the] parties' custody order 68 times with no sanctions [with] regard to Father's repeatedly filing partition [*sic*] for special relief from May 2010 to July 2014[?]

2. [Whether] the trial [c]ourt committed error and abuse[d] [] its [d]iscretion by failing to enforce sanctions of [$]1,000 dollars of [*sic*] on Mother [] [?]

3. [Whether] [t]he trial [c]ourt committed error and abuse[d] [] its [d]iscretion in not finding past and present abuse of [C]hild by [M]other [] and [maternal] grandmother [P.L. ("Maternal Grandmother")]?

4. [Whether] [t]he trial [c]ourt committed error and abuse[d] [] its [d]iscretion in not finding that Father to have a [*sic*] more [s]tability and continuity in [] [C]hild's education, family life, and community life[?]

5. [Whether] the trial [c]ourt committed error and abuse[d] [] its [d]iscretion by failing to exclude witnesses who were not listed by either parties [*sic*][?]

6. [Whether] the trial [c]ourt committed error and abuse[d] [] its [d]iscretion by failing to include [s]ubpoenaed witnesses who did not appear[:] Chief William Kurzek [of the] Versailles Police Department[;] [A.D.; M.L. and Maternal Grandmother][?]

Father's Brief at 5-6 (unnumbered, issues renumbered for ease of disposition).[5]

As the custody trial in this matter was held in October of 2013, the Child Custody Act ("the Act"), 23 Pa.C.S.A. §§ 5321 to 5340, is applicable. ***See C.R.F. v. S.E.F.***, 45 A.3d 441, 445 (Pa. Super. 2012) (holding that, if

_____

[5] We note that Father's *pro se* Brief does not include a statement of the questions involved on appeal, in violation of Pa.R.A.P. 2111(a)(4) and 2116(a). The above issues were identified in the Summary of the Argument section of Father's Brief.

the custody evidentiary proceeding commences on or after the effective date of the Act, *i.e.*, January 24, 2011, the provisions of the Act apply).  With any custody case decided under the Act, the paramount concern is the best interests of the child.  **See** 23 Pa.C.S.A. §§ 5328, 5338.  Section 5338 of the Act provides that, upon petition, a trial court may modify a custody order if it serves the best interests of the child.  **See** 23 Pa.C.S.A. § 5338.  Section 5328(a) of the Act sets forth the best interests factors that the trial court must consider.  **See E.D. v. M.P.**, 33 A.3d 73, 80-81, n.2 (Pa. Super. 2011).

In custody cases, our standard of review is as follows:

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion.  We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations.  In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand.  However, we are not bound by the trial court's deductions or inferences from its factual findings.  Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record.  We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

**C.R.F. v. S.E.F.**, 45 A.3d at 443 (citation omitted).

Initially, we observe that Father waived his first and second issues, as he failed to raise them in his Concise Statement.  **See Krebs v. United Refining Co. of Pennsylvania**, 893 A.2d 776, 797 (Pa. Super. 2006) (stating that a failure to preserve issues by raising them in both the concise statement of matters complained of on appeal and the statement of

questions involved portion of the brief on appeal results in a waiver of those issues). Father has also waived any issue with regard to Maternal Grandmother, as stated in his third issue, as he failed to raise it in his Concise Statement. *See id*.

Additionally, there are numerous defects in Father's *pro se* Brief that impede our ability to conduct meaningful appellate review of his preserved issues. Our rules of appellate procedure provide that where the defects in a brief are substantial, the appeal may be quashed or dismissed. *See* Pa.R.A.P. 2101; *see also Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (stating that "[a]ppellate arguments which fail to adhere to [the Pennsylvania Rules of Appellate Procedure] may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention.") (citations omitted).

As noted above, Father's *pro se* Brief does not include a statement of the questions involved on appeal. *See* Pa.R.A.P. 2111(a)(4), 2116(a). Additionally, Father failed to support his preserved issues with any discussion or citation to pertinent legal authority. *See* Pa.R.A.P. 2119(a), (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued . . . followed by such discussion and citation of authorities as are deemed pertinent."); *see also* Pa.R.A.P. 2119(b) (stating

that "[c]itations of authorities must set forth the principle for which they are cited.").

Father also failed to support his issues with appropriate references to the record. **See** Pa.R.A.P. 2119(c) (stating that "[i]f reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears.").

Here, the closest Father comes to making an argument appears in his request for relief in the Conclusion portion of his brief, where he asks this Court to grant him primary custody of Child during the school term, asserting that he is the more responsible parent. **See** Father's Brief at 2 (unnumbered). While Father cites **MacDougall v. MacDougall**, 890 A.2d 890 (Pa. Super. 2012), in the Table of Citations portion of his brief, he has failed to discuss how he finds that case to be supportive of his preserved issues.[6] **See** Pa.R.A.P. 2119(b). The lack of any legal analysis or citation to relevant case law to support Father's claims of error, or any explanation of his claims in relation to relevant case law, precludes our meaningful appellate review of the Custody Order. Thus, we cannot address the appeal.

---

[6] Our research reveals that the proper citation is **MacDougall v. MacDougall**, 49 A.3d 890 (Pa. Super. 2012). The case involved an appeal by a wife from the trial court's denial of her petition for civil contempt against her former spouse. **See id**. at 890. As such, it would only conceivably relate to the matter of contempt that Father waived by failing to preserve his first issue on appeal. Thus, we will not address **MacDougall**.

*See Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa. Super. 1996) (quashing the appeal where appellant failed to include citation to legal principles or develop legal argument).

This Court has stated that an appellant's status as a *pro se* litigant is not an excuse for failing to adhere to our appellate rules. *See Wilkins v. Marsico*, 903 A.2d 1281, 1284-85 (Pa. Super. 2006). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Id*. at 1284-85. As Father has chosen to proceed *pro se*, he cannot now expect this Court to act as his attorney. *See Smathers*, 670 A.2d at 1160.

Finally, our review of the certified record confirms that Father neglected to obtain the notes of testimony from the October 23-24, 2013 custody trial and have them made part of the certified record. *See* Trial Court Opinion, 4/21/14, at 2, 4-5. Thus, the trial court requests that we dismiss the appeal for this reason. *See id*. at 4. Rule 1911(a) of the Pennsylvania Rules of Appellate Procedure provides that "[t]he appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within

the time prescribed by Rules 5000.1 *et seq.* of the Pennsylvania Rules of Judicial Administration (court reporters)." Pa.R.A.P. 1911(a).

> When the appellant . . . fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for purposes of appellate review. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts.

***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) (quotations omitted).

Here, Father had the burden to produce a complete record for appellate review.[7] ***See In re O'Brien***, 898 A.2d 1075, 1082 (Pa. Super. 2006) (stating that it is an appellant's duty to insure that the certified record contains all documents necessary for appellate review). The failure to assure that the certified record is sufficient to conduct a meaningful review warrants quashing the appeal. ***See Smith v. Smith***, 637 A.2d 622, 624 (Pa. 1993) (stating that where the appellant is remiss in fulfilling his duty to provide a record which is sufficient to permit meaningful appellate review, the appeal must be quashed).

We agree with the trial court that, without the notes of testimony, the certified record is deficient, thereby preventing this Court from engaging in meaningful appellate review. Accordingly, based on the numerous defects impeding our review, we are constrained to dismiss the appeal.

---

[7] Father did not seek, nor was he granted, *in forma pauperis* status.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2014