J-S36017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JIMI ROSE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THE FARMER'S FIRE INSURANCE COMPANY A/K/A FARMER'S FIRE INSURANCE COMPANY, | |
| Appellee | No. 2683 EDA 2016 |

Appeal from the Order Entered July 15, 2016
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2014-C-3423

BEFORE:  PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM PER CURIAM:                    **FILED JULY 21, 2017**

Appellant, Jimi Rose, appeals *pro se* from an order entered on July 15, 2016 denying his motion to set aside a settlement agreement.  After careful review, we are constrained to quash this appeal as untimely.[1]

The relevant factual and procedural history in this case is as follows. Appellant owned a commercial property located in Allentown, Pennsylvania, which he insured through a policy of insurance purchased from Farmer's Fire Insurance Company (Farmers).  On May 8, 2013, a fire occurred at the property, causing significant damage. When Appellant submitted a claim for

---

[1] Appellant has filed two applications requesting additional time in which to file a reply brief, as well as a motion to submit additional argument.  We have reviewed these submissions and shall deny them as moot.

fire loss, Farmers refused payment, claiming the fire was caused by arson and that Appellant's policy was void *ab initio* because Appellant failed to disclose tax liens on the property at the time he submitted his insurance application.

On October 23, 2014, Appellant filed a complaint against Farmers alleging that the insurer breached its duties under the policy and that it engaged in bad faith in refusing payment. Farmers thereafter filed preliminary objections to Appellant's bad faith claim on December 10, 2014. The trial court sustained Farmers' preliminary objections by order dated January 5, 2015. Discovery ensued and eventually the trial court denied a motion for judgment on the pleadings filed by Appellant, as well as Farmers' motion for summary judgment.

In anticipation of a trial commencing sometime in May or June 2016, the trial court convened a pre-trial conference on May 2, 2016. The trial court, together with counsel for both Appellant and Farmers, engaged in settlement negotiations. According to the trial court, both parties were available by telephone and consulted with counsel throughout the negotiations. **See** Trial Court Opinion, 10/7/16, at 2. Although productive, the parties failed to reach a settlement agreement at the pre-trial conference. Owing to a busy trial calendar, the court rescheduled trial for a trial term that commenced on August 29, 2016.

On June 1, 2016, the trial court received a letter from counsel for Farmers stating that the parties had reached a settlement agreement. Appellant's counsel confirmed the agreement by letter dated June 6, 2016. On July 11, 2016, Appellant, acting *pro se*, filed a motion to set aside the settlement agreement. The motion alleged that the settlement, in the amount of $45,000.00, was not in Appellant's best interest and that Appellant was coerced into accepting the agreement. The court denied Appellant's motion to set aside the settlement on July 15, 2016.[2] Subsequently, on July 18, 2016, Appellant, again acting *pro se*, filed a motion to submit physical evidence in support of his motion to set aside the settlement agreement. The trial court denied that motion on July 22, 2016.[3] Trial counsel remained attached to this case when Appellant filed both *pro se* motions.[4]

Appellant filed a *pro se* notice of appeal on August 18, 2016, purporting to appeal from the orders issued on July 15 and 22. In his

---

[2] The docket sheet shows that the prothonotary mailed notice of the court's order pursuant to Pa.R.C.P. 236 on July 15, 2016. The docket does not indicate the intended recipient of the Rule 236 notice but, according to Appellant's notice of appeal, the notice was mailed to trial counsel.

[3] Notice of the trial court's July 22, 2016 order was mailed to counsel on July 25, 2016. Again, the docket does not specify the intended recipient of the notice.

[4] The certified record does not contain a motion to withdraw as counsel. *See* Trial Court Opinion, 10/7/16, at 3.

notice, filed 34 days after the trial court denied the motion to set aside the settlement agreement, Appellant asserted that the court forwarded its orders to trial counsel and that he did not learn of the July 15 order until August 18, 2016.[5] The trial court did not order Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b) but nonetheless set forth its rationale in an opinion issued on October 7, 2016.

On appeal, Appellant complains that the trial court abused its discretion in denying his *pro se* motion to set aside the settlement without a hearing.[6] Appellant asserts that he was entitled to a hearing that would have allowed him to show that he was coerced into agreeing to the settlement with Farmers and that trial counsel was aware that Appellant lacked an understanding of the settlement agreement because of his intellectual disabilities.

Since the timeliness of an appeal implicates our jurisdiction, we cannot address the merits of Appellant's claims before determining whether his appeal is timely. **Coulter v. Ramsden**, 94 A.3d 1080, 1084 (Pa. Super. 2014), *appeal denied*, 110 A.3d 998 (Pa. 2014). It is well settled that:

_____

[5] According to the notice of appeal, trial counsel forward two copies of the July 22 order to Appellant but never forwarded a copy of the July 15 order.

[6] We have not quoted a statement of the questions involved as Appellant has omitted this section from his brief in contravention of our appellate rules. **See** Pa.R.A.P. 2111(a)(4) and 2116(a). Indeed, Appellant's submission is, in several ways, decidedly noncompliant. Notwithstanding, we have elected to forgo dismissal on this basis.

a notice of appeal must be filed within [30] days of the disputed order. Pa.R.A.P. 903(a). Specifically, Rule 903(a) provides that "the notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

*Coulter*, 94 A.3d at 1084.

Appellant filed the instant appeal from the July 15, 2016 order denying his *pro se* motion to set aside the settlement agreement.[7] The docket sheet in the certified record confirms that the prothonotary entered the order and forwarded notice of it pursuant to Pa.R.C.P. 236 on July 15, 2015. Hence, the 30-day appeal period began to run on that date. *Frazier v. City of Philadelphia*, 735 A.2d 113, 115 (Pa. 1999) (appeal period begins to run when order is entered on docket with required notation that appropriate notice has been given). Appellant's August 18, 2016 notice of appeal was filed 34 days after the July 15 order. Thus, Appellant's notice was patently untimely and we lack jurisdiction over this appeal. *Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015) (Superior Court lacks jurisdiction to consider untimely appeals).

Appellant asserts that the issuance of notice of the court's July 15 order to counsel of record, and not to Appellant, delayed the filing of Appellant's *pro se* notice of appeal. Appellant suggests that he should have

---

[7] We focus our analysis on the timeliness of the appeal from the July 15th order because, if we find this aspect of the appeal to be untimely, no form of relief from the order denying Appellant's motion to submit physical evidence would alter the disposition entered by the trial court.

been the intended recipient of the prothonotary's Rule 236 notice. Appellant argues that this breakdown in the judicial system precluded him from filing a timely notice of appeal. We disagree.

As stated, the issuance of notice pursuant to Pa.R.C.P. 236, in addition to entry of the July 15 order on the docket, triggered the appeal period in this case. Rule 236 governs the dissemination of notice by the prothonotary of entry of an order or judgment. In relevant part, Rule 236 provides that the prothonotary shall immediately give written notice of the entry of "any [] order or judgment to each party's attorney of record or, if unrepresented, to each party." Pa.R.C.P. 236(a)(2). The note following Rule 236(a)(2) cross-references Rule 1012, which governs the entry and withdrawal of appearances by counsel of record. Rule 1012 specifies that an attorney may not withdraw his appearance without leave of court unless another attorney has entered his appearance or another attorney is simultaneously entering an appearance on behalf of a party and the change of attorneys will not delay any stage of the litigation. Pa.R.C.P. 1012(b)(1) and (2). Reading Rule 236 together with Rule 1012, it is evident that Rule 236 directs the prothonotary to forward notice of the entry of an order to an attorney of record, unless that attorney has withdrawn his appearance with leave of court or has withdrawn under circumstances that do not require court permission.

Here, as the court observed, trial counsel served as Appellant's attorney of record throughout the litigation, including the course of settlement negotiations, and remained attached to this case when he submitted his June 6, 2016 letter confirming that the parties reached a settlement agreement. **See** Trial Court Opinion, 10/7/16, at 3. Thereafter, trial counsel never petitioned to withdraw his appearance. It is undisputed that Appellant filed both of his *pro se* motions as a represented party. Under these circumstances, the prothonotary correctly forwarded notice of the July 15 order to trial counsel.

We see no evidence of how the prothonotary's application of Rule 236 constituted a breakdown in the judicial system. Pennsylvania courts heavily disfavor hybrid representation; in fact, *pro se* motions by represented parties are generally deemed to have no legal effect and are considered nullities. **See Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016). Only limited exceptions to this principle have been found. **See id.** at 624; **see also Commonwealth v. Leatherby**, 116 A.3d 73, 78-79 (Pa. Super. 2015). In this case, Appellant's own election to file a *pro se* motion while represented by counsel ultimately lead the prothonotary to forward notice of the trial court's July 15 order to the attorney of record, as required by Rule 236. In our view, altering the operation of Rule 236 in the way Appellant suggests would needlessly overburden the office of the prothonotary and inject uncertainty and confusion into the prothonotary's

otherwise straightforward application of Rule 236. As the trial court observed, the appropriate course of action for Appellant was to instruct trial counsel to withdraw his appearance, which would permit Appellant to proceed on his own behalf. In such a case, all court orders would then be forwarded directly to Appellant, not trial counsel. Since that did not occur, the prothonotary, on July 15, 2016, correctly forwarded its Rule 236 notice to trial counsel, thereby triggering the appeal period. Since Appellant's notice of appeal was filed outside the 30-day appeal window, it was untimely and we lack jurisdiction to reach the merits of Appellant's claims.

Appeal quashed. Applications for relief denied as moot.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/21/2017