J-S49011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELDRIDGE HUDSON, | : | |
| | : | |
| Appellant | : | No. 1533 WDA 2016 |

Appeal from the PCRA Order September 12, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No.: CP-63-CR-0002379-2011

BEFORE: DUBOW, J., SOLANO, J., and FITZGERALD J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 15, 2017**

Appellant, Eldridge Hudson, appeals from the September 12, 2016

Order entered in the Washington County Court of Common Pleas dismissing

his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42

Pa.C.S. §§ 9541-9546.    After careful review, we reverse the Order of the

PCRA court, vacate the Judgment of Sentence, vacate the original negotiated

guilty plea, and remand for further proceedings.[1]

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that, although the PCRA Order from which this appeal is taken is dated September 12, 2016, that Order was not entered on the docket until September 15, 2016.  However, the docket contains no notation of when the clerk of courts of Washington County furnished a copy of the Order to the parties.  Such omission is in derogation of the mandate of Pa.R.Crim.P. 114, which requires the clerk of courts to docket an order immediately and to note on the docket that a copy of the order has been furnished to the parties.  **See also** Pa.R.A.P. 108(a) (specifying that the date of entry of an order shall be the day the clerk of the court mails or delivers a copy of the
*(Footnote Continued Next Page)*

On June 10, 2013, Appellant entered a negotiated guilty plea to six counts of Manufacture, Delivery, or Possession of a Controlled Substance with Intent to Deliver ("PWID") and one count of Criminal Use of a Communication Facility.[2]  That same day, the trial court sentenced Appellant to an aggregate term of 10 to 20 years' imprisonment.[3]  On the three counts

*(Footnote Continued)* _____

order to the parties); Pa.R.A.P. 301(a)(1) (providing that "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court.").  Because neither the Order itself nor the docket entries reflect the date that the Order dismissing Appellant's PCRA Petition was sent to him, we are unable to determine the precise date this PCRA Order became a final and appealable Order.  However, in the interest of judicial economy, we will regard as done what should have been done, and accept what all parties assume, *i.e.*, that the PCRA Order was entered on September 12, 2016, and Appellant's Notice of Appeal was timely filed.  We further note that none of Appellant's due process rights were impacted by the Washington County court clerk's laxity.

We remind the Washington County clerk of courts that the "procedural requirements reflected in the rules serve to promote clarity, certainty and ease of determination, so that an appellate court will immediately know whether an appeal was perfected in a timely manner, thus eliminating the need for a case-by-case factual determination." ***Frazier v. City of Philadelphia***, 735 A.2d 113, 115 (Pa. 1999) (citation omitted).  Significantly, the fact "that the parties may have received notice of the order does not alter the formal date of its entry and the associated commencement of the period allowed for appeal for purposes of the rules." ***Id.***  Accordingly, we strongly urge the clerks of courts to comply with the mandates of our rules of procedure.

[2] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 7512, respectively.

[3] The trial court imposed three concurrent sentences of 10 to 20 years' incarceration on three of the PWID convictions.  The trial court imposed no further penalty on the conviction for Criminal Use of a Communication Facility and determined that three of the PWID counts merged for sentencing

*(Footnote Continued Next Page)*

of PWID, the trial court applied the mandatory minimum sentencing provision set forth in 18 Pa.C.S. § 7508 ("Drug trafficking sentencing and penalties"). *See* N.T., 6/10/13, at 4. Appellant did not file a direct appeal. Appellant's Judgment of Sentence, therefore, became final on July 10, 2013. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a).

Appellant filed the instant *pro se* PCRA Petition, his first, on June 6, 2014, challenging, *inter alia*, the legality of his mandatory minimum sentences pursuant to ***Alleyne v. United States***, 133 S.Ct. 2151 (U.S. 2013). The PCRA court appointed counsel, but later permitted Appellant to represent himself *pro se* following a ***Grazier***[4] hearing. Appellant amended his PCRA Petition on April 18, 2016.

On August 2, 2016, the PCRA court filed a notice of its intent to dismiss Appellant's PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907. On September 12, 2016, the PCRA court dismissed the Petition.

Appellant filed a timely Notice of Appeal on October 6, 2016. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents one issue for our review:

*(Footnote Continued)* ───────────

purposes. The Commonwealth *nolle prossed* one count of Possession of Drug Paraphernalia.

[4] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

Did **Alleyne** retroactively render Appellant's mandatory minimum sentence of 7 years an illegal unconstitutional sentence?

Appellant's Brief at 4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

In his sole issue on appeal, Appellant claims that he is entitled to relief because the court sentenced him pursuant to a mandatory minimum sentencing statute that was rendered unconstitutional by **Alleyne**. Appellant's Brief at 8-9. The Commonwealth concedes that Appellant's sentence is, in fact, illegal and that Appellant is entitled to relief in this case. Commonwealth's Brief at 2-4. In its Pa.R.A.P. 1925(a) Opinion, the trial court concluded that it had erred in dismissing Appellant's Petition and that Appellant is entitled to relief pursuant to **Commonwealth v. Ruiz**, 131 A.3d

54 (Pa. Super. 2015), given that Appellant's June 10, 2013 Judgment of Sentence was not final when **Alleyne** was decided on June 17, 2013, and he later filed a timely PCRA Petition. **See** Trial Court Opinion, 4/6/17, at 7-9. We agree with the trial court's assessment in part.

The certified record indicates that on June 10, 2013, the trial court imposed three mandatory minimum sentences pursuant to 18 Pa.C.S. § 7508 for Appellant's PWID convictions. N.T., 6/10/13, at 4, 16-19. Seven days after Appellant's sentencing hearing, on June 17, 2013, the United States Supreme Court decided **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013), holding that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt.

In interpreting and applying **Alleyne**, the courts of this Commonwealth have determined that 18 Pa.C.S. § 7508 is unconstitutional because the language of that statute "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*). **See Commonwealth v. Mosley**, 114 A.3d 1072, 1091 (Pa. Super. 2015) (invalidating 18 Pa.C.S. § 7508).

Generally, an **Alleyne** claim does not apply retroactively to cases on collateral review. **See Commonwealth v. Washington**, 142 A.3d 810, 820

- 5 -

(Pa. 2016). However, in *Commonwealth v. Ruiz*, 131 A.3d 54 (Pa. Super 2015), this Court recognized that an *Alleyne* claim constitutes a non-waivable challenge to the legality of a sentence and may be raised for the first time in a timely-filed PCRA petition if the petitioner's judgment of sentence was not final when *Alleyne* was decided. *See Ruiz*, *supra* at 60–61.

Here, the trial court sentenced Appellant on June 10, 2013, and his Judgment of Sentence became final on July 10, 2013. *See* 42 Pa.C.S. § 9545(b)(3). *Alleyne* was decided on June 17, 2013. Because Appellant's Judgment of Sentence was not final when *Alleyne* was decided and he timely filed this PCRA Petition, *Alleyne* is applicable to Appellant's case retroactively. *See Ruiz*, *supra* at 60–61.

Further, the PCRA court erred in failing to vacate Appellant's negotiated guilty plea and restore the case to its status prior to the entry of the guilty plea consistent with *Commonwealth v. Melendez-Negron*, 123 A.3d 1087 (Pa. Super. 2015).

In *Melendez-Negron*, Melendez-Negron was charged with a variety of drug-related crimes. In accordance with a negotiated plea agreement, Melendez-Negron pleaded guilty to PWID. On November 15, 2013, the trial court sentenced him to serve a term of five to ten years in prison, pursuant to the mandatory minimum sentencing statute found at 42 Pa.C.S. § 9712.1. *Id.* at 1089. Melendez-Negron did not file a direct appeal from his judgment

of sentence. However, Melendez-Negron filed a timely PCRA petition, where he claimed that "his sentence was unconstitutional, and therefore illegal, in light of [**Alleyne**]." **Id.** Melendez-Negron requested that the PCRA court vacate his sentence and remand the case for resentencing; he did not request that the PCRA court permit him to withdraw his guilty plea. **Id.** at 1091 n.7.

The PCRA court granted Melendez-Negron's PCRA petition, vacated his sentence, and remanded the case for resentencing. The Commonwealth filed a notice of appeal and claimed, amongst other things, that the PCRA court erred when it merely vacated Melendez-Negron's sentence and remanded the case for resentencing. **Id.** at 1090. According to the Commonwealth, if the PCRA court were going to grant Melendez-Negron relief, the PCRA court was required to vacate Melendez-Negron's entire guilty plea and "[return the case] to the *status quo* prior to the entry of the guilty plea." **Id.** at 1091. As the Commonwealth argued: "in consideration of agreeing to a five-to-ten-year period of incarceration, [the Commonwealth] gave up the opportunity to seek sentences on the drug paraphernalia and small amount of marijuana charges. By simply allowing resentencing pursuant to the sentencing guidelines, the Commonwealth . . . [lost] the benefit of its bargain." **Id.** at 1092 (internal quotations and citations omitted).

This Court agreed with the Commonwealth and concluded that—even though Melendez-Negron did not request that the court vacate his guilty plea—the PCRA court erred when it failed to vacate the entirety of Melendez-Negron's guilty plea and restore the case to its status prior to the entry of the guilty plea. *Id.* at 1091-92. Concluding that "the parties' negotiations began from an erroneous premise and therefore were fundamentally skewed from the beginning[,]" this Court ultimately vacated the original guilty plea and remanded for further proceedings. *Id.* at 1094.

In this case, Appellant and the Commonwealth entered into plea negotiations under "the shared misapprehension that the mandatory minimum sentence required by [18 Pa.C.S. § 7508] applied to" Appellant's case. *Id.* *See also* N.T., 6/10/13, at 4, 16-19. This misapprehension "tainted the parties' negotiations at the outset." *Melendez-Negron*, *supra* at 1094. Therefore, consistent with *Melendez-Negron*, we conclude that since "the parties' negotiations began from [the] erroneous premise" that Appellant was subject to the mandatory minimum sentencing statute found at 18 Pa.C.S. § 7508, the PCRA court erred when it failed to vacate Appellant's guilty plea and restore the case to its status quo prior to the entry of the negotiated guilty plea. *Id.*

We direct the Honorable John F. DiSalle to provide a copy of this decision to Frank Scandale, the Clerk of Courts of Washington County.

Order reversed. Judgment of Sentence vacated. Guilty plea vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2017