J-S60014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: L.K. AND E.K., MINOR CHILDREN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.K., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 322 MDA 2019 |

Appeal from the Decrees Entered January 10, 2019
In the Court of Common Pleas of Northumberland County Orphans' Court
at No(s): Adoptee 49-2017,
Adoptee 50-2017

BEFORE: SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SHOGAN, J.: **FILED JANUARY 16, 2020**

D.K. ("Father") appeals from the decrees entered on January 10, 2019,[1]

granting the petitions filed by the Northumberland County Children and Youth

Services ("CYS") to involuntarily terminate his parental rights to his minor

daughters, L.K., born in December of 2014, and E.K., born in July of 2010,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] There is no notation on the docket that notice was given and that the decrees were entered for purposes of Pa.R.C.P. 236(b). **See Frazier v. City of Philadelphia**, 557 Pa. 618, 621, 735 A.2d 113, 115 (1999) (holding that "an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given"); **see also** Pa.R.A.P. 108(a) (entry of an order is designated as "the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)"). Thus, the decrees were not entered, and the appeal period was not triggered.

(collectively "the Children"), pursuant to the Adoption Act, 23 Pa.C.S. § 2511(1), (2), (5), (8), and (b).[2]  Father's counsel, Attorney Marc Lieberman, ("Counsel") has filed with this Court a motion for leave to withdraw as counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967).

On September 21, 2017, CYS filed petitions to involuntarily terminate the parental rights of Father and C.K. ("Mother") to the Children.  On May 14, 2018, the trial court appointed Attorney Matthew Slivinski to represent the legal interests of the Children and their older sister, L.J.K., who is not part of this appeal.  On September 17, 2018, the trial court held an evidentiary hearing on the involuntary termination petitions and permitted Attorney

---

[2] Father did not file separate notices of appeal for the termination decrees regarding each of the Children.  In doing so, Father failed to comply with the Official Note to Pa.R.A.P. 341, which provides, in relevant part, "Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed."  Pa.R.A.P. 341, Official Note.  In **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018), our Supreme Court held that the failure to file separate notices of appeal from an order resolving issues on more than one docket "requires the appellate court to quash the appeal."  Following **Walker**, this Court, recognizing that "decisional law may have been unclear to this point," declined to quash an appeal from an involuntary termination decree based on noncompliance with Rule 341.  **In re M.P.**, 204 A.3d 976, 981 (Pa. Super. 2019).  However, in **M.P.**, the panel announced that this Court would quash any noncompliant appeals filed after the date of that opinion, that is, February 22, 2019.  **Id.** at 986.  Because Father filed his notice of appeal on February 15, 2019, prior to the clarification in the **M.P.** decision, we decline to quash this appeal.

Michael O'Donnell to serve as substitute counsel for the Children for that date only.[3]

On January 10, 2019, the trial court entered an order bearing both docket numbers for the cases regarding E.K. and L.K. that continued and rescheduled the hearing regarding the termination petition filed against Mother. However, in separate final decrees entered on January 10, 2019, the trial court terminated Father's parental rights to each of the Children. CYS filed petitions to confirm Mother's consent to adoption on January 11, 2019, along with Mother's voluntary relinquishments of her parental rights and consents to adoption. On January 14, 2019, the trial court scheduled the hearing on Mother's petition for voluntary relinquishment to occur on January 24, 2019, and CYS filed a notice of the hearing. On January 22, 2019, CYS filed its affidavit of service of the hearing notice, indicating service, *inter alia*, on Mother; on Father at the Pennsylvania Department of Corrections, State Correctional Institution-Forest; on Counsel; and on Attorney Slivinski. On January 22, 2019, CYS, through the SWAN (Statewide Adoption and Permanency Network) paralegal, filed a certificate of service of the notice of

---

[3] On October 24, 2018, Attorney Slivinski filed a Position Of The Minor Child regarding L.K., stating she was three years old and not competent to express a well-reasoned preference, so no position could be given as to her wishes. Further, on that same date, Attorney Slivinski filed a Position Of The Minor Child regarding E.K., stating she was eight years old and competent to express a well-reasoned preference in favor of the termination of her parents' parental rights and adoption by her current resource family, whom she calls "Mom" and "Dad."

the hearing on Mother. Following a hearing on January 24, 2019, the trial court entered separate final decrees for each of the Children that terminated Mother's parental rights on her voluntary relinquishment. On February 15, 2019, Father filed a single Notice of Appeal *Nunc Pro Tunc* from the decrees terminating his parental rights to the Children, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). Father also filed an affidavit of his counsel as to his request for appeal *nunc pro tunc*. In an order dated May 1, 2019, and entered on May 2, 2019, the trial court denied Father's petition for appeal *nunc pro tunc*. However, as noted, the appeal period was not triggered because there is no notation on the docket that notice was given and that the decrees were entered as required by Pa.R.C.P. 236(b).

On September 12, 2019, Counsel filed an **Anders** brief and a motion to withdraw as counsel. On October 8, 2019, Father filed a *pro se* response to the **Ander's** brief alleging that Counsel provided ineffective representation. Because we accept Father's appeal as timely and there is no trial court opinion before this Court, we remand this matter to the trial court for the preparation, within thirty days of the filing of the memorandum, of an opinion pursuant to Pa.R.A.P. 1925(a) setting forth the reasons for the decision to terminate Father's parental rights to the Children under 23 Pa.C.S. § 2511.

Case remanded to the trial court for the filing of a Pa.R.A.P. 1925(a) opinion within thirty days. Panel jurisdiction retained.