J-S33001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| T.E.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| B.M.C., N/K/A, B.M.W. | : | |
| | : | |
| Appellant | : | No. 20 EDA 2020 |

Appeal from the Order Entered November 19, 2019
In the Court of Common Pleas of Lehigh County Domestic Relations at
No(s):  No. 2013-FC-0366

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:              **FILED AUGUST 18, 2020**

Appellant, B.M.C., N/K/A, B.M.W. ("Mother"), appeals *pro se* from the Order[1] that held T.E.C. ("Father") in contempt of a previous custody Order but nevertheless continued Father's sole legal and primary physical custody of their child, F.M.A.C. ("Child"), and awarded Mother periods of partial physical custody.  Upon review, we dismiss.

---

[*] Former Justice specially assigned to the Superior Court.

[1] The Order is dated November 15, 2019, however, the court did not docket the Order until November 19, 2019.  ***See Frazier v. City of Philadelphia***, 735 A.2d 113, 115 (Pa. 1999) (holding that "an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given"). Accordingly, Mother's December 19, 2019 Notice of Appeal is timely.  ***See*** Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken).

A detailed factual and procedural history is unnecessary to our disposition. Mother's *pro se* Brief fails to comply with the briefing requirements set forth in Pa.R.A.P. 2111-2140 and we are, therefore, unable to conduct meaningful appellate review.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. ***Commonwealth v. Adams***, 882 A.2d 496, 497–98 (Pa. Super. 2005); Pa.R.A.P. 2101. In particular, "[w]hen the omission of the statement of questions [involved] is combined with the lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review." ***Smathers v. Smathers***, 670 A.2d 1159, 1160 (Pa. Super. 1996) (citation omitted). "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Adams***, 882 A.2d at 498 (citation omitted).

Here, in her 90-page Brief, Mother fails to include a statement of jurisdiction, a statement of the scope and standard of review, a statement of the questions involved, and a summary of argument. ***See*** Pa.R.A.P. 2111(a)(1), (3), (4), (6), (7). The omission of a statement of questions

involved is "particularly grievous since the statement of questions involved defines the specific issues this Court is asked to review." ***Commonwealth v. Maris***, 629 A.2d 1014, 1016 (Pa. Super. 1993).

Instead, Mother's Brief is divided into three sections entitled "Case History of Judicial Bias," "Complaints Against the Judge's Order of November 15, 2019," and "Complaints Regarding the Judge's November 18, 2019 Memorandum Opinion." Mother's Br. at 1, 24, 37. In these sections, Mother attempts to articulate her grievances against the trial court from 2011 to present, but fails to do so in any organized manner. In addition, Mother fails to include a single citation to legal authority and, consequently, fails to provide any discussion of legal authority as it relates to her grievances. ***See*** Pa.R.A.P. 2119(a), (b).

These substantial omissions preclude meaningful review. Accordingly, we are constrained to dismiss Mother's appeal.[2] ***See*** Pa.R.A.P. 2101; ***Adams,*** 882 A.2d at 497-98.

Appeal dismissed.

---

[2] Although Mother also failed to file a Rule 1925(b) Statement of Errors Complained of on Appeal contemporaneously with her Notice of Appeal, ***see*** Pa.R.A.P. 1925(a)(2)(i), (b), we decline to dismiss on this basis because no party asserted prejudice. ***See In re K.T.E.L.***, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that the failure to file a rule 1925(b) statement contemporaneously with a notice of appeal in a children's fast track case will result in a defective notice of appeal which this Court will address on a case by case basis, avoiding the extreme action of dismissal when the defect does not prejudice any party).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/18/2020