735 A.2d 113

**Christopher FRAZIER, Appellant,**

v.

**CITY OF PHILADELPHIA and Terrance Hawkins, Appellees.**

Supreme Court of Pennsylvania.

Submitted May 7, 1999.

Decided July 27, 1999.

Alan E. Denenberg, Philadelphia, for Christopher Frazier.

Sarah E. Ricks, Philadelphia, for City of Philadelphia.

Terrance Hawkins, pro se.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

SAYLOR, Justice.

The question presented in this case concerns the timeliness of a civil appeal filed seven months after docketing of the final judgment order, but within thirty days after notation upon the docket that notice of such order was provided pursuant to Pennsylvania Rule of Civil Procedure 236(b).

In November of 1992, Appellant Christopher Frazier ("Frazier") commenced a civil rights action against the City of Philadelphia (the "City") and a former officer of the Philadelphia Police Department, Terrance Hawkins ("Hawkins"). Hawkins did not respond to the complaint and suffered a general default judgment in 1993, with no assessment of damages at that time. The City sought summary judgment and, in the last of a series of conflicting rulings, the trial court granted the City's motion on October 30, 1995, at which time it entered an order dismissing the claims against the City. Frazier filed a notice of appeal from this order with the Commonwealth Court; however, this appeal was quashed as interlocutory.

The trial court subsequently conducted a hearing on damages on the default judgment against Hawkins and, on April 7, 1997, issued a final order entering judgment in the amount of $45,000. This order was entered on the docket on April 8, 1997, and notice of the order was mailed to and received by the parties. The prothonotary, however, failed to indicate on the docket, as required by Rule 236(b) of the Pennsylvania

Rules of Civil Procedure, that notice of the order had been provided to the parties.

On October 8, 1997, Frazier filed a petition in the Commonwealth Court seeking permission to appeal *nunc pro tunc* from the April 8 order. In this petition, Frazier averred that an appeal of the trial court's order had not been timely perfected because a former associate in counsel's law firm had inexplicably failed to file the appeal. Frazier also asserted that he was entitled to relief because the docket did not reflect that notice of the trial court's order had been given as required by Rule 236(b). The Commonwealth Court denied Frazier's petition, stating in its order that the appeal was premature as the docket failed to reflect that notice of the entry of the trial court's order had been provided to the parties, and that Frazier could appeal following compliance with Rule 236(b).

Thereafter, the prothonotary entered the following notation in the docket:

Corrective entry

Assessment of damages docket entry of 4/8/97 does not note Rule 236 notice. Please note that copies of the original order signed by the Hon. Howland W. Abramson were mailed by the court on 4/8/97.

On November 10, 1997, within thirty days after the corrective docket entry was made, Frazier filed a notice of appeal with the Commonwealth Court. On the City's motion, however, the Commonwealth Court quashed Frazier's appeal as untimely, noting that Frazier's counsel received the April 8 order within thirty days of its issuance. This Court subsequently allowed appeal limited to the issue of whether the thirty-day appeal period commences upon docketing of a judgment order where the prothonotary has failed to note that the appropriate notice has been sent to the parties.

Frazier argues that a notation in the docket indicating that notice of a final order was sent to the parties is a prerequisite to an appealable order, and although he received a copy of the order, the absence of a corresponding docket entry constituted

a breakdown in the court's operation, precluding him from perfecting an appeal. In response, the City contends that, where the failure to file a timely appeal is independent of any action on the part of the prothonotary, there is no breakdown in the court's operation, and Frazier has not suffered any prejudice.

Rule of Appellate Procedure 301(a) provides that "[n]o order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." *See generally Sidkoff, Pincus, et al. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 521 Pa. 462, 468, 555 A.2d 1284, 1287 (1989). Further, Rule of Appellate Procedure 108(b) designates the date of entry of an order, for purposes of appeal, as follows:

> **(b) Civil orders.** The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b).

Pa.R.A.P. 108(b). As previously noted, Rule of Civil Procedure 236(b) describes the prothonotary's obligation to "note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents."

■ Thus, pursuant to the express terms of the rules, an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given. *See Yeaple v. Yeaple*, 485 Pa. 399, 403, 402 A.2d 1022, 1024 (1979); *see also Speight v. Burens*, 371 Pa.Super. 478, 481 n. 3, 538 A.2d 542, 543 n. 3 (1988). *Cf. Hepler v. Urban*, 518 Pa. 482, 484–85, 544 A.2d 922, 923 (1988)(finding that, where there is no indication in the docket that notice has been provided in accordance with Rule 236, an order granting summary judgment was not final). That the parties may have received notice of the order does not alter the formal date of its entry and the associated commencement of the period allowed for appeal for purposes of the rules. The procedural requirements reflected in the rules serve to promote clarity, certainty and ease of determination, so that an appellate court will

immediately know whether an appeal was perfected in a timely manner, thus eliminating the need for a case-by-case factual determination. *See generally Commonwealth v. Dorman,* 272 Pa.Super. 149, 153–54, 414 A.2d 713, 716 (1979).

In the present case, although Frazier received notice of the April 8 judgment, because there was no corresponding entry in the docket, formal entry of the order did not occur under the rules, and the appeal period was not triggered. The prothonotary's attempt to post-date the corrective docket entry cannot be given effect, as to do so would act in circumvention of the rules. Since Frazier perfected the present appeal within thirty days after the actual notation upon the docket pursuant to Rule 236(b), such appeal was timely.

Accordingly, the order of the Commonwealth Court is reversed, and the case is remanded to the Commonwealth Court for consideration of the appeal on the merits.