J-S30032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE MATTER OF: THE ESTATE OF REGINALD M. WATKINS, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: RONALD K. WATKINS | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 69 WDA 2020 |

Appeal from the Decree Entered August 29, 2019
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  Docket # 021406205

BEFORE:   MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED JULY 21, 2020**

Appellant Ronald K. Watkins appeals from the decree and schedule of distribution of the estate of his deceased brother, Reginald Watkins ("Decedent").  After careful review, we affirm the Orphans' Court decree.

On August 27, 2014, Decedent died intestate, survived by his wife Debbie Watkins ("Administratrix"), who was granted Letters of Administration for the estate, as well as his daughter, India McCoy ("Daughter"). Administratrix is the Daughter's stepmother.

On May 9, 2018, Administratrix filed a first and final account along with a petition for adjudication and a statement of proposed distribution.  On May 18, 2018, Appellant filed objections to the account, asserting that Administratrix had not conducted a complete accounting and suggested that

_____

[*] Former Justice specially assigned to the Superior Court.

Decedent had previously made a will that designated Appellant as the primary beneficiary of his estate. Administratrix filed a reply indicating that Appellant failed to provide Decedent's alleged will for probate despite several requests for him to do so.

After holding a conference with all parties present, on September 30, 2018, the Orphans' Court filed on order dismissing Appellant's objections. The Orphans' Court reasoned that Appellant lacked standing to file objections given that Decedent had died intestate and was survived by his wife and daughter.

On August 29, 2019, the Orphans' Court entered a decree distributing the estate of the Decedent. On September 10, 2019, Appellant filed an exception to the decree, claiming Administratrix had fraudulently obtained the decree in failing to submit all relevant documents to the court. On September 10, 2019, the Orphans' Court entered an order denying Appellant's exceptions. On January 14, 2020, Appellant filed this appeal.

As a preliminary matter, we must determine whether this appeal was timely filed. As a general rule, a "notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903. Appellant has appealed Orphans' Court's August 29, 2019 decree distributing the estate. *See* Pa.R.A.P. 342(a)(1) ("[a]n appeal may be taken as of right from the following orders of the Orphans' Court Division ... [a]n order confirming an account, or authorizing or directing a distribution from an estate or trust"); Pa.R.A.P. 341(a) ("an appeal may be taken as of right from

any final order of a government unit or trial court").[1] The Orphans' Court asks this Court to dismiss this appeal as untimely as Appellant filed his notice of appeal on January 14, 2020, which was more than thirty days after the distribution decree.

However, in reviewing the docket in this case, we note that the notice of the entry of the decree distributing the estate was not given to the parties as required by our rules of appellate procedure. *See* Pa.R.A.P. 108. This Court has held that the appeal period does not begin to run when such notice is not filed:

> Rule of Appellate Procedure 108(b) designates the date of entry of an order as "the day on which the clerk makes the notation in the docket that *notice* of entry of the order has been given as required by Pa.R.C.P. 236(b)." Pa.R.A.P. 108(b) (emphasis added). Our Supreme Court has held that "an order is not appealable until it is entered on the docket *with the required notation that appropriate notice has been given.*" **Frazier v. City of Philadelphia**, 557 Pa. 618, 621, 735 A.2d 113, 115 (1999) (emphasis added). Where there is no indication on the docket that Rule 236(b) notice has been given, then the appeal period has not started to run. **Id.** at 621–22, 735 A.2d at 115. Our Supreme Court has expressly held that this is a bright-line rule, to be interpreted strictly. That the appealing party did indeed receive

---

[1] Appellant's filing of exceptions to the Orphans' Court order distributing the estate had no effect on the appeal period. Orphans' Court Rule 8.1 provides that "except as provided in Rule 8.2, no exceptions or post-trial motions may be filed to any order or decree of the court." P.O.C. Rule 8.1. Rule 8.2 provides may request the court to reconsider any order that is final under Pa.R.A.P. 341(b) or 342 … so long as the order granting reconsideration is consistent with Pa.R.A.P. 1701(b)(3)." P.O.C. Rule 8.2. In addition, the comment to Rule 8.2 provides that "[t]he period for filing an appeal is not tolled by the filing of a motion for reconsideration unless the court grants the motion for reconsideration prior to the expiration of the appeal period." **Id**. (comment).

notice does not alter the rule that the 30–day appeal period is not triggered until the clerk makes a notation on the docket that notice of entry of the order has been given. **Id**.

**In re L.M.**, 923 A.2d 505, 508–509 (Pa.Super. 2007).

As noted above, although the Orphans' Court entered a final order distributing the estate, the docket does not contain any indication that notice of the entry of the order was given to the parties. Thus, the appeal period did not begin to run and this appeal will not be quashed as untimely filed.

Our standard and scope of review is well-established:

> When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.
>
> However, we are not constrained to give the same deference to any resulting legal conclusions. The Orphans' Court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law.

**In re Estate of Whitley**, 50 A.3d 203, 206–207 (Pa.Super. 2012) (internal citations and quotation marks omitted).

Before reaching the merits of Appellant's arguments, we note that Appellant's *pro se* brief is defective in that it fails to comply with nearly every requirement in Pa.R.A.P. 2111(a)(1)-(12) and does not contain any comprehensible factual background, procedural history, citation to authority, legal argument or analysis. Pennsylvania Rule of Appellate Procedure 2101

allows this Court to quash or dismiss an appeal if the appellate brief contains substantial defects. Pa.R.A.P. 2101.

While we acknowledge that Appellant is proceeding *pro se* and we will construe his brief liberally, he is not entitled to special deference as a *pro se* litigant as this Court has held that "[a]ny layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." ***Branch Banking & Tr. v. Gesiorski***, 904 A.2d 939, 942 (Pa.Super. 2006). Specifically, this Court will not act as counsel for the appellant. "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." ***Id***. at 942–43.

Appellant fails to address the Orphans' Court's determination that Appellant had no standing to file objections to the First and Final Accounting of the Estate based on his relation to Decedent as his brother, when the Decedent was survived by his wife and his daughter.[2] Moreover, Appellant's brief does not contain any comprehensible legal discussion. As a result, Appellant's failure to develop his arguments preclude any meaningful judicial review of this appeal. This Court has consistently held that "failure to develop an argument with citation to, and analysis of, relevant authority waives that

_____

[2] Pennsylvania's rules for intestate succession are found in the Chapter 21 of the Probate, Estates, and Fiduciaries Code. ***See*** 20 Pa.C.S.A. §§ 2101-2110.

issue on review." ***In re Estate of Schumacher***, 133 A.3d 45 (Pa.Super. 2016).

As a result, Appellant's issues are waived on appeal. Therefore, we affirm the Orphans' Court's decree distributing the estate at issue.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2020