J-A18025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| AUDREY F. RASMUSSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDALL L. RASMUSSON | : | |
| | : | |
| Appellant | : | No. 728 WDA 2020 |

Appeal from the Order Entered March 13, 2020
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  FD 99-004501, PACSES #: 342101320

| AUDREY F. RASMUSSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDALL L. RASMUSSON | : | |
| | : | |
| Appellant | : | No. 904 WDA 2020 |

Appeal from the Order Entered August 24, 2020
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  FD 99-004501, PACSES #: 342101320

BEFORE:  OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:            **FILED:  September 21, 2021**

Appellant Randall L. Rasmusson (Father) appeals from the order dismissing his exceptions to a hearing officer's report and recommendation regarding child support and adopting that report and recommendation as a

final order.[1]  Appellant also appeals from the order denying his emergency motion to appeal *nunc pro tunc*.  We remand for the trial court to prepare a supplemental opinion.  We also dismiss the appeal at 904 WDA 2020 as moot.

Because we write for the parties, we need not reiterate the factual and procedural background of this matter.  We note that on February 4, 2020, the parties appeared before the trial court for oral argument on their exceptions to the hearing officer's report and recommendation regarding child support. At the end of argument, the trial court took the matter under advisement. The trial court subsequently issued an order, dated March 9, 2020 and docketed on March 13, 2020, dismissing the parties' exceptions to the hearing officer's report and recommendation and adopting that report and recommendation as a final order of court.[2]

On March 16, 2020, the Pennsylvania Supreme Court declared a general, statewide judicial emergency due to the COVID-19 pandemic.  ***See In re: General Statewide Judicial Emergency***, 228 A.3d 1281 (Pa. filed Mar. 16, 2020) (*per curiam*).  That order authorized President Judges to declare judicial emergencies in their judicial districts and "[t]o suspend time calculations for the purposes of time computation relevant to court cases or

_____

[1] Appellee Audrey F. Rasmusson (Mother) filed cross-exceptions to the hearing officer's report and recommendation.  The trial court's March 13, 2020 order also denied Mother's cross-exceptions.  Mother did not file an appeal.

[2] We have amended the caption to reflect the date on which the trial court docketed this order.

other judicial business, as well as time deadlines, subject to constitutional restrictions[.]" *Id.* at 1281.

On March 16, 2020, the Honorable Kim Berkeley Clark, President Judge of the Court of Common Pleas of Allegheny County declared a judicial emergency for the Fifth Judicial District, and, among other things, ordered the suspension of all time calculations of deadlines for court business, subject to constitutional restrictions. *In Re: In re Fifth Judicial District Emergency Operations*, AD-2020-95-PJ, at 1 (C.C.P. Allegheny Cty. filed Mar. 16, 2020). Subsequently, on May 28, 2020, President Judge Clark ordered that court facilities shall be opened to the public subject to the requirement that all persons who enter those facilities wear a mask and to follow CDC and Health Department recommendations for social distancing. *In Re: Amended Fifth Judicial District Emergency Operations Plan*, 23 WM 2020, at 2 (C.C.P. Allegheny Cty. filed May 28, 2020) (May 28, 2020 emergency order). The May 28, 2020 emergency order also stated that the suspension of time calculations that began on March 16, 2020 would terminate on June 1, 2020. *Id.* at 6. The May 28, 2020 emergency order further provided that "[n]ew deadlines shall be calculated by adding the time period of the suspension (days during which time calculations were suspended due to the judicial emergency as applied to the particular time calculation) to the original deadline." *Id.*

On July 20, 2020, Father filed a notice of appeal from the trial court's March 13, 2020 order, and our Court docketed this appeal at 728 WDA 2020. Father also filed an emergency motion to appeal *nunc pro tunc* on the same

- 3 -

day. The trial court denied Father's emergency motion in an order dated July 23, 2020, and docketed on August 24, 2020.[3, 4]

On August 24, 2020, Father filed a notice of appeal from the trial court's August 24, 2020 order denying his emergency motion to appeal *nunc pro tunc*, and this Court docketed this second appeal at 904 WDA 2020.[5] Father also filed another emergency motion to appeal *nunc pro tunc* on August 24, 2020. However, the trial court did not rule on the August 24, 2020 emergency motion.

The certified record does not indicate that the trial court ordered Father to file a statement of issues raised on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) concluding that the instant appeals are untimely and requesting that this Court dismiss the appeals. *See* Trial Ct. Op., 2/26/21, at 1-3 (unpaginated).

On September 10, 2020, Mother filed a motion to dismiss/quash Father's appeals at docket number 728 WDA 2020, arguing that Father's July 20, 2020 notice of appeal was untimely filed even accounting for the deadline extensions in place pursuant to the COVID-19-related emergency orders. Mot. to Dismiss, 728 WDA 2020, 9/10/20, at ¶¶ 5-40. Father filed a reply to

---

[3] A second order denying Appellant's motion, also dated July 23, 2020, was also docketed on August 24, 2020.

[4] We have amended the caption to reflect the date on which the trial court docketed this order.

[5] This Court, *sua sponte*, consolidated these cases on November 13, 2020. *See* Pa.R.A.P. 513.

Mother's motion to dismiss/quash on September 17, 2020. Therein, Father acknowledged that the Allegheny County Department of Court Records had reopened to accept in person filings pursuant to the May 28, 2020 emergency order. Reply to Mot. to Dismiss, 728 WDA 2020, 9/17/20, at ¶¶ 14-15, 20. Father asserts that the Domestic Relations Office, the proper office in which he had to file his notice of appeal, remained closed and Allegheny County local rules prohibit electronically filing a notice of appeal in a support action. *Id.* at ¶¶ 16-20. Father's counsel prepared Father's notice of appeal on July 14, 2020, as soon as counsel learned that the Domestic Relations Office reopened. *Id.* at ¶ 24. Counsel contended that the filing of the notice of appeal was delayed for several days because he could not obtain a copy of the domestic relations docket to attach to his notice of appeal, and our Rules of Appellate Procedure require a copy of the trial court docket be attached to every notice of appeal. *Id.* at ¶¶ 25-32. On November 4, 2020, this Court denied Mother's motion to dismiss without prejudice. Order, 728 WDA 2020, 11/4/20.

This Court issued a rule to show cause with respect to the appeal at docket number 904 WDA 2020. We ordered Father to show cause why the trial court's August 24, 2020 order denying the emergency motion to appeal *nunc pro tunc* was not a nullity given that the appeal at 728 WDA 2020 was pending at that time. Order, 904 WDA 2020, 10/15/20. This Court subsequently discharged the rule to show cause. Order, 904 WDA 2020, 11/12/20.

Father raises the following issues for our review:

1. Whether the trial court erred in finding [Mother] met her burden of proof that the child is not emancipated, not capable of supporting herself, or that the child is mentally disabled.

2. Whether the trial court erred in failing to apply the Pennsylvania child support guidelines.

3. Whether the trial court erred by not applying the principles of estoppel to [Mother's] support complaint.

4. Whether the trial court erred in making [Father's] arrears balance, arrears payment, and support payment non-modifiable by closing the case on PACSES and declaring the order as a non-PACSES order.

5. Whether the trial court erred in giving significant weight to expert testimony.

6. Whether the trial court erred in denying [Father's] motion to file appeal *nunc pro tunc*.

Father's Brief at 7-8 (formatting altered).

Before reaching the merits of the issues Fathers raises on appeal, we must first determine whether we have jurisdiction to hear this appeal. *See* ***M.L.S. v. T.H.-S.***, 195 A.3d 265, 267 (Pa. Super. 2018) (explaining that this Court may *sua sponte* consider whether we have jurisdiction of an appeal); *see also* ***Krankowski v. O'Neil***, 928 A.2d 284, 285 (Pa. Super. 2007) (stating "the timeliness of an appeal implicates our jurisdiction" (citation omitted)). In order to be timely, a notice of appeal must be filed within 30 days after entry of the appealable order. Pa.R.A.P. 903(a).

This Court has explained:

Rule of Appellate Procedure 108(b) designates the date of entry of an order as "the day on which the clerk makes the notation in the docket that **notice** of entry of the order has been given as required by Pa.R.C.P. 236(b)." Pa.R.A.P. 108(b) (emphasis added). Our Supreme Court has held that "an order is not

appealable until it is entered on the docket **with the required notation that appropriate notice has been given**." ***Frazier v. City of Philadelphia***, 557 Pa. 618, 621, 735 A.2d 113, 115 (1999) (emphasis added). Where there is no indication on the docket that Rule 236(b) notice has been given, then the appeal period has not started to run. Our Supreme Court has expressly held that this is a bright-line rule, to be interpreted strictly. That the appealing party did indeed receive notice does not alter the rule that the 30–day appeal period is not triggered until the clerk makes a notation on the docket that notice of entry of the order has been given.

[A]lthough the termination order was entered on the docket on February 24, 2006, the docket does **not** show that **notice** of entry of the termination order was given to [the m]other. Therefore, [the m]other's appeal period was not triggered and her notice of appeal, which was filed on April 18, 2006, will not be considered untimely.

***In re L.M.***, 923 A.2d 505, 508-09 (Pa. Super. 2007) (some citations omitted); ***see also M.L.S.***, 195 A.3d at 267 (holding that a breakdown in the court system occurred where the prothonotary failed to note on the docket the date on which it gave notice of the trial court's order to the parties, therefore, the mother's notice of appeal, filed sixty-three days after the date of the order being appealed, was not untimely).

Turning to the instant case, the trial court's March 13, 2020 order does not appear on the domestic relations docket FD 99-004501. The March 13, 2020 order does appear on the PACSES docket 342101320. However, the PACSES docket does indicate that the clerk gave notice of entry of this order to the parties.[6] As neither trial court docket contains a notation that the clerk

---

[6] The cover sheet of the March 13, 2020 order states the parties were served by first class mail, but it does not state when the clerk sent copies of the order to the parties. Order, 3/13/20, at 1 (unpaginated).

notified the parties of the entry of this order pursuant to Pa.R.C.P. 236(b), we conclude that there was a breakdown in the court's operation and that accordingly, Father's July 20, 2020 notice of appeal was timely filed. **See M.L.S.**, 195 A.3d at 267; **L.M.**, 923 A.2d at 508-09.

Having concluded that the notice of appeal at 728 WDA 2020 was timely filed, and that this Court has jurisdiction, we turn to the sixth issue Father raises on appeal. Father challenges the trial court's denial of his July 20, 2020 emergency motion to appeal *nunc pro tunc* from the trial court's March 13, 2020 order. **See** Father's Brief at 36-40. Having determined that Father's appeal from the March 13, 2020 order is properly before this Court at 728 WDA 2020, we conclude that this issue is moot and we dismiss the appeal at 904 WDA 2020.

We note that the trial court did not issue a comprehensive opinion pursuant to Rule 1925(a). Here, the trial court concluded that the instant appeals are untimely and requested that this Court dismiss the appeals. **See** Trial Ct. Op. at 1-3 (unpaginated). Neither the trial court's opinion, nor its March 13, 2020 order,[7] discuss the trial court's reasons for overruling Father's exceptions to the hearing officer's report and recommendation.

Accordingly, we remand for the trial court, within ninety days of this memorandum, to file a supplemental opinion explaining its reasoning

---

[7] In its order, the trial court states that Father "failed to demonstrate any material error or omission or abuse of discretion on the part of the hearing officer," without additional elaboration. Order, 3/13/20, at 2 (unpaginated).

supporting its March 13, 2020 order including its denial of Father's exceptions to the hearing officer's report and recommendation. Should the court require additional time, the trial court should address its written request to the Prothonotary of this Court. The trial court prothonotary is directed to certify and transmit the supplemental record containing the trial court's opinion within fourteen days of receipt of the opinion.[8]

Case remanded for trial court to prepare a supplemental opinion. Appeal at 904 WDA 2020 dismissed. Panel jurisdiction retained.

---

[8] We note that the certified record transmitted to this Court did not include, among other things, transcripts of the July 23, 2019 and October 10, 2019 support hearings as well as the hearing officer's report and recommendation. *See In re O'Brien*, 898 A.2d 1075, 1082 (Pa. Super. 2006) (stating "[i]t is an appellant's duty to insure that the certified record contains all documents necessary for appellate review" (citation and footnote omitted)).