J-A27006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GEORGE BRUCE KEAHEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WENDY ANN JONES | : | No. 917 EDA 2021 |

Appeal from the Order Entered March 30, 2021
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2009-015560

BEFORE: PANELLA, P.J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY PANELLA, P.J.: **FILED MARCH 31, 2022**

George Bruce Keahey[1] appeals from the order[2] awarding attorney's fees to his ex-wife, Wendy Ann Jones. Keahey argues that the trial court abused its discretion in directing him to pay attorney's fees to Jones, maintaining such an award amounted to a windfall for Jones. We affirm.

_____

[1] Keahey is an attorney and is representing himself in this appeal.

[2] We note that the trial court signed the subject order on March 24, 2021. However, the docket reflects that notice of entry of the order under Pa.R.C.P. 236(b) was not provided until March 30, 2021. The date of entry of an order is "the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)." Pa.R.A.P. 108(b); **see also Frazier v. City of Philadelphia**, 735 A.2d 113, 115 (Pa. 1999). Accordingly, we have amended the caption to reflect that the notice of appeal was filed from an order filed on March 30, 2021.

This case involves protracted and litigious divorce proceedings.[3] Relevantly, the parties were married in 2002. In November 2009, Keahey filed a complaint in divorce. Thereafter, on May 4, 2016, the trial court held an equitable distribution trial, which included a request from Jones for the payment of her attorney's fees. In this regard, Jones testified that her attorney's fees totaled $45,958, and introduced a "Statement of Billable Time" from her counsel, Dolores Varga, Esquire. Keahey did not question the reasonableness of any charge or address the contents of the Statement. Ultimately, on November 3, 2016, as part of its equitable distribution order, the trial court ordered Keahey to pay Attorney Varga $30,000. The trial court subsequently entered a divorce decree in April 2017. Keahey did not pay Attorney Varga. Instead, Jones paid Attorney Varga $30,000, who in turn, assigned to Jones her right to obtain the monies from Keahey.

On January 13, 2021, Jones filed a motion to enforce the equitable distribution order, requesting, *inter alia*, that Keahey pay her the attorney's

---

[3] Notably, Keahey has filed four separate appeals to this Court. Previously, this Court affirmed a finding of contempt against Keahey for failing to comply with three separate trial court orders directing him to pay attorney's fees to Jones. **See Keahey v. Keahey**, 121 A.3d 1140 (Pa. Super. filed Apr. 24, 2015) (unpublished memorandum). Additionally, this Court affirmed the imposition of sanctions against Keahey. **See Jones-Keahey v. Keahey**, 144 A.3d 203 (Pa. Super. filed Mar. 21, 2016) (unpublished memorandum). This Court also quashed one appeal as untimely filed, and Keahey discontinued the other appeal.

fees.[4] Keahey filed a response, baldly denying Jones's claim. Subsequently, the trial court held a hearing, at which Jones was present, but Keahey failed to appear. During the hearing, Attorney Varga confirmed that Keahey did not pay her in accordance with the equitable distribution order. Attorney Varga further testified that Jones paid her $30,000, and that she assigned to Jones her right to collect the money from Keahey. On March 30, 2021, the court issued an order, directing Keahey to pay Jones $30,000.[5] On April 6, 2021, Keahey filed a petition for reconsideration, which the trial court denied. Keahey timely appealed.[6]

_____

[4] Jones also sought the transfer of other assets, the reimbursement of marital debt, and the payment of other attorney's fees. However, these claims are not at issue in the instant appeal.

[5] The trial court awarded Jones an additional $1,936.58. This portion of the award is not subject to this appeal. *See* Brief for Appellant at 5 n.1.

[6] The docket indicates that Keahey filed his appeal on May 4, 2021, which would make his appeal untimely filed. However, this Court previously denied Jones's motion to quash the appeal. Specifically, this Court found that Keahey filed his appeal on April 21, 2021, but that the trial court revised the docket statement to read as follows:

> Notice of Appeal and Certification of Service sent to Superior Court. (Judge Cartisano)-[Paid] for and is receiving Time Stamp date of 5-4-2021 when money was received. Previously Docketed 4-21-2021 day received correct to the date when paid for 5-4-2021 of notes that appellant's Notice of Appeal was received on April 21, 2021. Notice of Appeal Addendum-[Paid] for and is Receiving Time Stamped date of 5-4-2021 when money was received. Previously docket 4-21-21 day received correct to the date when paid for 5-4-2021.

*(Footnote Continued Next Page)*

- 3 -

On appeal, Keahy raises the following question for our review: "Whether the lower court abused its discretion by vacating the original equitable distribution Order/verdict that was entered after a trial disposing of all issues and entering a new equitable distribution order in 2021 creating a windfall for [Jones?]" Brief for Appellant at 2.

Keahey argues that the trial court erred by untimely vacating its 2016 equitable distribution order. *See id.* at 4, 6. Keahey contends that the trial court was not enforcing the original verdict, but rather modifying it five years after it was entered. *See id.* at 5. In this regard, Keahey asserts that the trial court heard new testimony from Attorney Varga on the attorney's fees assessed in the November 2016 equitable distribution order. *See id.* at 5-6. Keahey claims the trial court's order amounts to an unjust windfall for Jones. *See id.* at 4, 6.

Preliminarily, we note the trial court found that Keahey waived his claim because his stated issue in his Pa.R.A.P. 1925(b) concise statement was too vague to "identify and address in what manner the court erred." Trial Court Opinion, 6/21/21, at 7. Pertinently, Keahey's concise statement argues that

---

Docket, 5/4/21. It is well-settled that the perfection of appeal does not depend in any way on payment of a filing fee. *See First Union Nat Bank v. F.A. Realty Investor Corp.*, 812 A.2d 719, 723 (Pa. Super. 2002). Indeed, "[u]pon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken which date shall be shown on the docket." Pa.R.A.P. 905(3). Accordingly, Keahey's appeal, filed on April 21, 2021, from the March 30, 2021 order was timely. *See* Pa.R.A.P. 903(a).

"the Court, on March 25, 2021, erred by vacating and modifying the verdict from the bench trial of 2016 in this matter." Concise Statement, 5/24/21. Although the trial court addressed Keahey's claim in its Rule 1925(a) opinion, we likewise find waiver because Keahey's Rule 1925(b) statement broadly assails the trial court's ruling, alleging trial court error without any specificity. *See Majorsky v. Douglas*, 58 A.3d 1250, 1258-59 (Pa. Super. 2012) (concluding that appellants waived their claims because although certain claims were implied by the broadly stated Rule 1925 objection, the claims were not raised in clear terms); *see also Kanter v. Epstein*, 866 A.2d 394, 400 (Pa. Super. 2004) (noting that "[e]ven if the trial court correctly guesses the issues [a]ppellants raise[] on appeal and writes an opinion pursuant to that supposition, the issues [are] still waived") (citation omitted).[7]

Nevertheless, even if we address Keahey's claim on appeal, we would conclude that it is without merit. Here, Jones's motion to enforce, which was filed after the entry of the final divorce decree, constitutes a petition for special relief. A party may file a petition for special relief when seeking to enforce the trial court's order for equitable distribution, but not for the purpose of

---

[7] We note that the trial court also found Keahey waived his claims for failing to raise them before the trial court. **See** Trial Court Opinion, 6/21/21, at 8-10. Specifically, the trial court highlighted that Keahey did not appear at trial or dispute Jones's request to have Keahey pay her the fees rather than Attorney Varga. **See id.** at 10. Upon our review, we agree with the trial court's finding. Not only did Keahey fail to appear at trial or raise his claims below, but his response to Jones's motion to enforce included bald denials without any further arguments.

- 5 -

modifying the court's equitable distribution of marital property after the final disposition of all matters in the divorce action. **See Prol v. Prol**, 935 A.2d 547, 554 (Pa. Super. 2007); **see also** Pa.R.C.P. 1920.43 (stating that in an action for divorce, a party may seek special relief). The Divorce Code grants a trial court broad power to enforce equitable distribution orders and to provide remedies in the event of a failure to comply with those orders. **See id.** at 553; **see also** 23 Pa.C.S.A. § 3323(f) (providing that courts in a divorce action have "full equity power and jurisdiction"). Where a party has failed to comply with an equitable distribution order, a court may take certain actions to effectuate compliance including, but not limited to, entering judgment, awarding legal fees, or finding contempt. **See** 23 Pa.C.S.A. § 3502(e). We review a trial court's grant of special relief under an abuse of discretion standard. **See Prol**, 935 A.2d at 551.

Here, the trial court did not vacate or modify the November 2016 equitable distribution order; rather, it simply enforced the November 2016 equitable distribution order and directed Keahey to pay the ordered attorney's fees. **See** Trial Court Opinion, 6/21/21 at 10. The trial court noted that Keahey's refusal to comply with the equitable distribution order led Jones to pay the fees to Attorney Varga, who assigned to Jones her right to collect from Keahey. **See id.** at 10-11. The trial court found that Keahey's "dilatory tactics" of refusing to pay the attorney's fees must be stopped. **Id.** at 11.

Upon our review, the trial court's decision to require Keahey to pay Jones the $30,000 earmarked for attorney's fees, rather than to Attorney Varga, is consistent with the broad discretion a sitting trial court may employ to implement the equitable distribution plan, protect the interests of the parties, and effectuate the purposes of the Divorce Code. Contrary to Keahey's claim, the trial court's order will not result in a windfall to Jones, as she is merely being reimbursed for fees that she had paid on behalf of Keahey. Indeed, if we were to accept Keahey's position on this matter, *he* would receive the benefit of a windfall because Jones would be placed in a position of paying the fees that the trial court had ordered him to pay in November 2016. In sum, even if Keahey had not waived his claim on appeal, we would conclude that the trial court's reasoning is sound, and we discern no abuse of discretion in its exercise of power to enforce the terms of the equitable distribution order by ordering Keahey to pay the attorney's fees to Jones. **See** 23 Pa.C.S.A. § 3502(e); **Prol**, 935 A.2d at 551.

Finally, we note Pa.R.A.P. 2744 allows this Court to *sua sponte* impose an award of reasonable attorney's fees against a party if we determine that "the appeal is wholly frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744; **see also** Pa.R.A.P. 2741(2) ("If an order is affirmed, costs shall be taxed against the appellant unless otherwise ordered"); Pa.R.A.P. 2743 (listing other taxable costs on appeal).

Here, we find Keahey's appeal is frivolous, as it has no basis in law or fact. Accordingly, we are compelled to exercise our authority to award, *sua sponte*, attorney's fees and costs to Jones. We remand this case to the trial court for the calculation and imposition of attorney's fees and costs incurred by Jones pursuant to this appeal and set a date for compliance. **See** Pa.R.A.P. 2744; **see also Feingold v. Hendrzak**, 15 A.3d 937, 943 (Pa. Super. 2011) (awarding mother counsel fees to deter father from filing frivolous actions in the future).

Order affirmed. Case remanded for imposition of attorney's fees and costs. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/31/2022*