J-A14013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: D.L. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: D.L. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1673 MDA 2021 |

Appeal from the Order Entered November 19, 2021
In the Court of Common Pleas of Berks County Civil Division at No(s):
142-21-MH

BEFORE:    BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:        **FILED: AUGUST 1, 2022**

This is an appeal from a determination that arose following the filing of a petition requesting the extension of the involuntary commitment of Appellant, D.L., for a period of 90 days.  After review, we affirm.

In the trial court's abbreviated Pa.R.A.P. 1925(a) opinion, filed on January 19, 2022, the court stated in its entirety:

> This case arises from a hearing under the Mental Health Procedures Act, 50 P.S. § 7103 et seq. ("MHPA")[,] before the Berks County mental health review officer [("MHRO")] on a petition to extend, for a period of up to 90 days, the involuntary commitment of [D.L.] at Haven Behavioral Hospital [("Hospital")] in Reading, Berks County, Pennsylvania.  On October 20, 2021, a hearing was held by this [c]ourt in the above captioned matter on D.L.'s Petition for Review of the Certification for Extended Involuntary Commitment.  Following that hearing, the [c]ourt issued an order affirming the Certification for Extended Involuntary Commitment as well as an Opinion in support thereof

_____

[*] Former Justice specially assigned to the Superior Court.

on November 19, 2021. On December 20, 2021, D.L., through counsel, filed the instant appeal [from] this [c]ourt's November 19, 2021 Decision and Order. On December 22, 2021, this [c]ourt directed counsel for D.L. to file their [Pa.R.A.P. 1925(b)] Concise Statement of Errors Complained of on Appeal[,] and counsel for D.L. filed their Statement on January 12, 2022, raising the following issues which are in *verbatim* form in relevant part as follows:

> 1. The Hospital failed to present sufficient evidence to support the involuntary commitment of Appellant where testimony could not establish to a reasonable degree of medical certainty that Appellant had a mental illness that would be applicable for involuntary commitment under the Mental Health Procedures Act.

> 2. The Hospital failed to present sufficient evidence to support involuntary commitment where testimony could not provide any clear and present danger Appellant posed to herself or others outside of expressions Appellant made regarding using a firearm to protect herself in her own home if her home were invaded, and Dr. Coldren's testimony established the main factor in extending her commitment was her refusal to take medication prescribed by the [H]ospital.

> 3. The involuntary commitment of Appellant was against the weight of the evidence where Dr. Coldren never confirmed whether Appellant had a firearm or the ability to pose a clear and present danger to others.

> 4. The involuntary commitment of Appellant was against the weight of the evidence where Dr. Coldren discharged Appellant with a diagnosis of dementia and had considered dementia as a possible diagnosis throughout her inpatient stay despite a diagnosis of unspecified psychosis being provided for the purposes of the involuntary commitment.

Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the reasons for this [c]ourt's November 19, 2021 Decision and Order already appearing of record and addressing each of D.L.'s

> Errors Complained of on Appeal, the Superior Court is directed to this [c]ourt's Decision and Order dated November 19, 2021, where the detailed reasons for this [c]ourt's Order are delineated.

Trial Court's Pa.R.A.P. 1925(a) Opinion, 1/19/2022, at 1-2.

We must begin by determining whether D.L.'s case "is appealable, because appealability implicates our jurisdiction." ***In the Interest of J.M.***, 219 A.3d 645, 650 (Pa. Super. 2019) (citing ***In Interest of N.M.***, 186 A.3d 998, 1006 (Pa. Super. 2018) (quoting ***Kulp v. Hrivnak***, 765 A.2d 796, 798 (Pa. Super. 2018) ("[Since we] lack jurisdiction over an unappealable order, it is incumbent on us to determine, … whether the appeal is taken from an appealable order.")). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary." ***Id.***

Upon receipt of D.L.'s Notice of Appeal and Docketing Statement, this Court issued a Rule to Show cause, indicating that:

> Appellant purports to appeal from the "Judgement entered on this matter November 19, 2021." Review of the trial court docket reveals a "miscellaneous" docket entry on that date. The trial court's Pa.R.A.P. 1925(a) opinion dated January 18, 2022, and filed January 19, 2022, states that the trial court "issued an order affirming the Certification for Extended Involuntary Commitment as well as an Opinion in support thereof on November 19, 2021." It is unclear, however, whether the trial court entered an order on November 19, 2021, as the document filed on November 19, 2021, does not state whether it is an opinion or an order.

Rule to Show Cause Order, 2/15/2022. D.L.'s counsel filed a timely response as directed by this Court in the Rule to Show Cause Order. The response provided, in part, the following:

> Appellant, D.L., through her counsel[,] Andrew Scott, Esq., represents that the docket with the prothonotary of the Berks

County Court of Common Pleas has been reviewed and only the document filed by the Honorable Madelyn S. Fudeman on November 19, 2021, was located and nothing else marked as an order after the *de novo* hearing was found. There is no disagreement, and I have no authority to suggest otherwise, that a final order is required to pursue this appeal. The document dated November 19, 2021, does not specify whether it is an opinion or order and the content does not make clear which it is either. However, our response would be that this should be treated as a *de facto* order as it was understood that this affirmed the MHRO decision. This was filed after a *de novo* hearing was held in this matter on October 20, 2021, and as of the writing of this letter, no separate order was ever filed.

In further support of this notion, the Honorable Madelyn S. Fudeman's 1925(a) opinion filed on January 19, 2022, refers to Appellant's appeal as arising from "this [c]ourt's November 19, 2021 Decision and Order." The Judge incorporated her November 19, 2021 filing as forming the basis for her 1925(a) opinion, and further directs the Superior Court to refer to its "Decision and Order dated November 19, 2021…." It appears clear from the record that the document was to be taken as a Decision and Order in this matter. Admittedly, the docket of the lower court labels the Decision and Order as "Miscellaneous," but the dockets for Civil Commitments in Berks County are also exceedingly sparse in the information they provide[,] which in consideration on how to square this with Pa.R.A.P. 301, … should arguably militate towards a more liberal interpretation.

D.L.'s Responsive Letter, 2/23/2022, at 1-2. The letter concludes that the trial court's decision "is sufficiently clear for the Superior Court to render a decision and that to quash the appeal at this stage unnecessarily delay[s] a resolution in this matter." *Id.* In response, this Court discharged the Rule to Show Cause, but indicated that this issue could be revisited by this panel. We do revisit the issue because, as noted above, the appealability implicates our jurisdiction. *See J.M.*, 219 A.2d at 650.

- 4 -

We begin by noting that the Hospital, with reliance on Pa.R.A.P. 301(a)(1), asserts that no order is appealable unless entered on the trial court's docket. Moreover, the Hospital contends that no order was entered; rather the November 19, 2021 decision was entered as "misc." and contained no information regarding the giving of notice as required by Pa.R.Civ.P. 236(b). The Hospital further cites *Frazier v. City of Philadelphia*, 735 A.2d 113, 115 (Pa. 1999), for the proposition that "an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given." Additionally, the Hospital points out that an appeal must be taken from the trial court's order, not from an opinion, relying on *Lengyel v. Frank Black, Jr. Inc.*, 438 A.2d 1003, 1004 (Pa. Super. 1981), which states that "[a]ppeals do not lie from a mere opinion of the inferior court, since even though the appellate court can infer from the opinion filed what was intended, it can neither affirm nor reverse a decree which has never been entered."

Although not mentioned by the Hospital, the *Frazier* opinion further explains that the fact that,

> the parties may have received notice of the order does not alter the formal date of its entry and the associated commencement of the period allowed for appeal for purposes of the rules. The procedural requirements reflected in the rules serve to promote clarity, certainty and ease of determination, so that an appellate court will immediately know whether an appeal was perfected in a timely manner, thus eliminating the need for a case-by-case factual determination.

*Frazier*, 735 A.2d at 115. As in the instant case, the appellant in the *Frazier* case had received notice of the judgment, but "because there was no

- 5 -

corresponding entry in the docket, formal entry of the order did not occur under the rules, and the appeal period was not triggered." *Id.* Therefore, only after the actual notation was placed on the docket and Frazier perfected his appeal within thirty days after the notation was entered on the docket, his appeal was considered timely. Accordingly, our Supreme Court remanded the case for consideration of the merits.

Here, the trial court's identifying of its November 19, 2021 decision as an opinion and order does not meet the directives as stated in the *Frazier* decision. However, as noted in Appellant D.L.'s brief, Pa.R.A.P. 105(a) provides some guidance, stating that:

**Rule 105. Waiver and Modification of Rules**

(a) **Liberal construction and modification of rules**. These rules shall be liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable In the interest of expediting decision or for other good cause shown, an appellate court may, except as otherwise provided in Subdivision (b) of this rule, disregard the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction.

With reliance on Rule 105, which allows this Court to disregard requirements stated in any of the rules, it is apparent that, although the trial court did not specifically identify its decision entered on November 19, 2021, it clarified its intent that that document was a decision and order in its Rule 1925(a) Opinion. Moreover, by incorporating its November 19, 2021 "Decision and Order" into its Rule 1925(a) opinion, the issues identified by Appellant D.L.

were addressed by the trial court. Additionally, it is apparent that the parties were aware that the November 19, 2021 document was an affirmation of the MHRO's decision and that the Hospital would not be prejudiced if the appeal went forward. Clearly, the error rested on the trial court's failure to properly label the document and include the fact that notice to the parties of the entry of the document on the docket was provided. We do not condone these failures; however, because the parties were aware of the trial court's determination and Appellant D.L.'s appeal was timely, we will proceed with our review of the trial court's decision to affirm the MHRO's decision to extend the involuntary commitment of D.L. for ninety days.

Despite D.L.'s listing of four separate issues in her Concise Statement, her brief contains only one substantive issue, stating "[w]hether the [H]ospital failed to present sufficient evidence to support the involuntary commitment of D.L. where testimony could not establish to a reasonable degree of medical certainty that Appellant had a mental illness that would be applicable for involuntary commitment under the [MHPA]." D.L.'s brief at 4. To address this issue, "we must determine whether there is evidence in the record to justify the [trial] court's findings." *In re S.M.*, 176 A.3d 927, 935 (Pa. Super. 2017) (quoting *T.T.*, 875 A.2d 1123, 1126 (Pa. Super. 2005)). Moreover, "we must accept the trial court's findings of fact that have support in the record, [but] we are not bound by its legal conclusions from those facts." *Id.*

We have reviewed the extensive certified record, the briefs of the parties, the applicable law, and the thorough and well-crafted opinions authored by the Honorable Madelyn S. Fudeman of the Court of Common Pleas of Berks County, dated January 18, 2022, and November 19, 2021. We conclude that Judge Fudeman's comprehensive opinions properly dispose of the issue presented by Appellant D.L. on appeal and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge Fudeman's opinions as our own and affirm the *de facto* order extending D.L.'s involuntary commitment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/01/2022