J-S05020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| N.E. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A.A. | : | |
| | : | |
| Appellant | : | No. 1203 WDA 2022 |

Appeal from the Order Dated August 11, 2022
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  FD 22-07980-007

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED: MARCH 7, 2023**

A.A. appeals from the denial of his motion for reconsideration of the trial court's final protection from abuse (PFA)[1] order.  We vacate and remand with instructions.

A.A. and N.E. had been romantically involved and, in August 2021, N.E. gave birth to the parties' minor son, C.A.  On June 14, 2022, Appellee, N.E., filed a PFA petition against A.A., seeking to protect herself, C.A., and N.E.'s minor daughter, C.N. (collectively, Children).  In her petition, N.E. also sought custody of one-year-old C.A.  The petition alleged that A.A. had sent N.E. threatening text messages telling her that he "is going to hurt [her] or do something [if she] did not take [C.A.] to him."  PFA Petition, 6/14/22, at ¶ 11.  N.E. also alleged that A.A. had hit her while she was holding C.A., that he

_____

[1] **See** 23 Pa.C.S.A. §§ 6101-6122 (Protection From Abuse Act).

screamed and shouted at Children, that Children were afraid of him and ran to their rooms when A.A. shouted at them, and that A.A. "always grabs [N.E.'s] phone . . . [and] delete[s] messages and photos." *Id.* at ¶ 12.

On June 14, 2022, the court entered a temporary PFA order against A.A., protecting N.E., C.N., and C.A. Temporary PFA Order, 6/14/22, at 1. Pending a final PFA hearing, A.A. was ordered to have no contact with Children, *id.* at ¶ 5(B), and N.E. was awarded temporary custody of C.A. *Id.* at ¶ 5(C). The court scheduled a final PFA hearing for June 22, 2022.[2]

On June 23, 2022, the court held a final PFA hearing, at which A.A. chose to proceed *pro* se and without the use of an interpreter.[3] N.E. and George Eke, Esquire, N.E.'s attorney, testified at the hearing. Attorney Eke testified

_____

[2] On May 31, 2022, A.A. filed a *pro se* custody complaint against N.E. On July 25, 2022, the court entered an order scheduling a remote Domestic Relations Office (DRO) custody conciliation session for January 4, 2023. The ongoing custody proceedings are not relevant to this PFA appeal and do not affect the finality of the PFA order issued June 22, 2022. *See Wagner v. Wagner*, 887 A.2d 282, 285 (Pa. Super. 2005) (custody order considered final and appealable only if it is entered after court completed hearings on merits and court intends order to constitute complete resolution of custody claims pending between parties).

[3] The court asked A.A. whether he wished to proceed without an attorney, asked him if he understood he had the opportunity to have the hearing continued and obtain the services of an attorney, whether he speaks English, and whether it was his wish to proceed without an interpreter. *See* N.T. Final PFA Hearing, 6/22/22, at 3-4. A.A. responded that he wished to proceed *pro se*, understood he had the right to seek an attorney, and that he is proficient in English and did not want the services of an interpreter. *Id.* at 4. Finally, the court advised both parties that "[i]f[,] at any time, either of [them] do not understand what's being said, please let the ][c]ourt know and we will take a break and determine how we need to proceed." *Id.* at 4-5. The parties acknowledged that they understood this. *Id.* at 5.

that in April and May 2022, he had been called to mediate disputes between the parties. With regard to the April 2022 mediation, Attorney Eke testified that A.A. had called him and told him that N.E. had been provoking him. Attorney Eke testified that, when he arrived at N.E.'s residence, A.A. was "very" angry, "simply furious," and threatened to make N.E.'s life miserable if she did not let him take C.A. N.T. Final PFA Hearing, 6/23/22, at 125-28.

Following the hearing, the trial court entered a final PFA order (Order), effective June 22, 2022 through June 22, 2024, protecting N.E., C.N. and C.A. (collectively, Protected Persons). Pursuant to the Order, N.E. was granted physical custody of C.A. and A.A. was: (1) prohibited from abusing, stalking, harassing, threatening, or attempting to threaten or use physical force against any Protected Person; (2) evicted from the family residence; (3) prohibited from any school, daycare, business or place of employment of any Protected Person; and (4) prohibited from contacting, directly or indirectly, any Protected Persons, with the exception that A.A. was permitted to have partial custody of C.A. every Saturday and Sunday from 1:00 p.m.-7:00 p.m. (no overnights), pending further order of court. On July 18, 2022, Lauren Darbouze, Esquire, entered her appearance as counsel for A.A.

On August 2, 2022, A.A. filed a motion to reconsider the final PFA order. N.E. filed a response to the motion. The trial court denied the motion on August 11, 2020. On August 30, 2022, A.A. contemporaneously filed a notice of appeal "from the orders signed in this matter on August 8,2022[,] and June 22, 2022" and a Pa.R.A.P. 1925(b) concise statement of errors complained of

on appeal. Notice of Appeal, 8/30/22; **see also** Pa.R.A.P. 905(a)(2) ("If the appeal is a children's fast track appeal, a [Rule 1925(b) statement] shall be filed with the notice of appeal and serve it on the trial judge in accordance with Pa.R.A.P. 906(a)(2).").

Before addressing the merits of A.A.'s issues, we must determine whether this Court has jurisdiction over this appeal. On November 4, 2022, our Court issued a rule to show cause why this appeal should not be quashed where A.A.'s notice of appeal was filed more than 30 days after the date of the order. **See** Rule to Show Cause, 11/4/22; **see also** Pa.R.A.P. 903(a). Our Court also directed A.A. to reply and establish the basis of this Court's jurisdiction within 10 days of the date of the show cause order and advised him that failure to reply timely may result in quashal or dismissal of his appeal. **Id.** A.A. failed to reply to the show cause order. A.A. argues in his appellate brief that "[w]hile [A.A.]'s [n]otice of [a]ppeal was not timely filed within the 30-day window prescribed by Pa.R.A.P. 903(a) as to the Final PFA Order entered against him, the same was timely filed as to the Order denying [A.A.]'s motion for reconsideration of the Final PFA Order." Appellant's Brief, at 14.[4]

_____

[4] Notably, in its Rule 1925(a) opinion, the trial court "asserts this appeal was improper under Pennsylvania law because the [n]otice of [a]ppeal was filed on August 30,2022. This is sixty-eight (68) days after the Final PFA Order and[,] therefore[,] outside the window for a timely appeal pursuant to Pa.R.A.P. 903 which provides thirty (30) days after entry. . . . Based on the above facts and applicable law, [A.A.'s] appeal should be dismissed[.]" Trial Court Opinion, 11/16/22, at 7, 11.

In **Valentine v. Wroten**, 580 A.2d 757, 758 (Pa. Super. 1990), our Court held that an appeal will not lie from a denial of reconsideration. Rather, unless reconsideration is expressly granted, an appeal must be filed within 30 days of the date of the original order—here, the parties' final PFA order. **See id.** at 758; **see also** Pa.R.A.P. 1701(b)(3) (timely order granting reconsideration renders inoperative any notice of appeal); Pa.R.A.P. 903(a) (notice of appeal "shall be filed within 30 days after entry of the order from which the appeal is taken"). **Id.**

However, in civil actions, the 30-day appeal period begins to run from the date the prothonotary memorializes that it provided notice of the order to the parties pursuant to Pa.R.C.P. 236. **See** Pa.R.A.P. 108(a) (explaining "date of entry of order . . . shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by [Rule] 236(b)"). Rule 236 requires a trial court prothonotary to provide immediate written notice of the entry of any order or judgment. Pa.R.C.P. 236(a)(2). The prothonotary must provide the notice of the entry and a copy of the order to each party's attorney of record or, as in the instant case, directly to A.A., an unrepresented party. **Id.** Finally, "[t]he prothonotary shall note in the docket the giving of the notice." Pa.R.C.P. 236(b).

Instantly, the trial court did not expressly grant reconsideration and A.A. failed to appeal from the trial court's final PFA order within the thirty-day appeal period required by Rule 903(a). However, the trial court docket does not indicate that the prothonotary provided written notice of the entry of the

final PFA order to the parties or noted on the docket the date on which it provided the Rule 236 notice. Our Supreme Court has held that the 30-day appeal period does not begin to run until the prothonotary enters the order on the docket with the required notation that it gave appropriate notice to counsel and unrepresented parties. **See Frazier v. City of Philadelphia**, 735 A.2d 113 (Pa. 1999). This holding is a "bright-line rule to be interpreted strictly." **In re L.M.**, 923 A.2d 505, 509 (Pa. Super. 2007).

Thus, even though A.A. "may have received notice of the order[,[5] it] does not alter the formal date of its entry and the associated commencement of the period allowed for appeal for purposes of the rules." **Frazier**, **supra** at 115. Because there was no corresponding entry in the docket, formal entry of the Order did not occur under the rules, and the period to file a reconsideration motion, as well as the appeal period, was not triggered under Rule 236. **Id.** Consequently, A.A.'s motion for reconsideration was a legal

_____

[5] To the extent that there is any question regarding whether A.A. received notice of the final PFA order, we note that in A.A.'s motion for reconsideration, A.A.'s counsel asserts that "[A.A.] had no knowledge of the emergency PFA filed against A.A. on June 10[, 2022 and that] **[t]he only PFA filing [A.A.] is aware of is the one presently at issue**." Motion for Reconsideration, 8/2/22, at 9 (emphasis added). However, as noted above, even if A.A. received notice of the Order, "[it] does not alter the formal date of its entry and the associated commencement of the period allowed for appeal for purposes of the rules." **Frazier**, **supra** at 621; **see also Smithson v. Columbia Gas of PA**/**NiSource**, 264 A.3d 755, 760 (Pa. Super. 2021) ("That the parties may have received actual notice of the order is of no moment.").

nullity, as was the trial court's order denying such motion. *See Carr v. Michuck*, 234 A.3d 797 (Pa. Super. 2020).

Accordingly, we vacate the order denying A.A.'s motion for reconsideration and remand for the prothonotary to comply with Rule 236, by placing the actual notation on the docket of formal entry of the final PFA order, in order to trigger the appeal period. Once Rule 236 notice is given, A.A. has 30 days within which to file a timely notice of appeal from that Order. Pa.R.A.P. 903(a).[6]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

_____

[6] Of course, A.A. may also chose to file a motion for reconsideration of the Order, once it is properly entered on the docket in compliance with Rule 236, within the required time period. *See* Pa.R.C.P. 1930.2. However, we instruct A.A. that the best practice is to simultaneously file a notice of appeal and motion for reconsideration, within 30 days of the date of the underlying final order, to ensure that the appeal continues if the reconsideration is ultimately denied. *See* Pa.R.A.P. 1701(b)(3)(ii); *see also See also J.P. v. J.S.*, 214 A.3d 1284 (Pa. Super. 2019) (reiterating motion for reconsideration does not stay appeal period; thus, appeal from denial of motion to reconsider final custody order quashed where it was filed more than 30 days after entry of order).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2023