Deborah R. Malloy and        :
Edward C. Malloy,           :
          Appellants     :
                             :
        v.                :
                             :   No. 970 C.D. 2024
Hon. H. Geoffrey Moulton, Jr.   :   Submitted: February 3, 2026

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                       FILED: March 23, 2026

Deborah R. Malloy and Edward C. Malloy (Appellants) appeal, pro se, from the Delaware County Common Pleas Court's (trial court) order dated July 15, 2024 (entered July 25, 2024), dismissing their Petition to Transfer Case as moot. There are three issues before this Court: (1) whether this appeal should be quashed; (2) whether the trial court erred by refusing to transfer Appellants' action to this Court; and (3) whether this Court should transfer the matter from its appellate jurisdiction to its original jurisdiction. After review, this Court affirms.

## Background

On September 30, 2022, Appellants filed a Complaint in Mandamus (Complaint) in the trial court at Docket No. CV-2022-00791 against former Pennsylvania Court Administrator, the Honorable H. Geoffrey Moulton, Jr. (Moulton).[1] *See* Original Record (O.R.) Item 1. Therein, Appellants sought to

---

[1] Moulton retired on September 30, 2023. Andrea Britt Tuominen, Esquire, succeeded Moulton and is the current Pennsylvania Court Administrator.

Appellants have filed numerous lawsuits in the trial court since 2015 related to a failed 2007 real estate transaction, many of which were appealed to this Court and/or ultimately dismissed or quashed. Appellants have since filed a string of lawsuits against judges, court administrators, and attorneys related to the 2015 litigation.

compel Moulton to comply with Pennsylvania Rule of Judicial Administration (Judicial Rule) 703(G)(1)[2] and report the Honorable Robert J. Shenkin (Senior Judge Shenkin), a Chester County Common Pleas Court senior judge, to the Judicial Conduct Board (JCB).[3] *See id.* On October 24, 2022, Moulton filed preliminary objections to the Complaint, therein asserting, *inter alia*, that the trial court lacked jurisdiction to compel Moulton's conduct because the Pennsylvania Constitution grants the Supreme Court jurisdiction over the judiciary. *See* O.R. Item 3. By order entered on November 10, 2022, the trial court sustained the preliminary objections and granted Appellants a one-time opportunity to amend the Complaint within 20 days. *See* O.R. Item 11.

On November 29, 2022, Appellants filed an Amended Complaint in Mandamus (Amended Complaint). *See* Reproduced Record (R.R.) at 1a-29a. On December 16, 2022, Moulton again filed preliminary objections to the Amended Complaint asserting, *inter alia*, that the trial court lacked subject matter jurisdiction because the Pennsylvania Supreme Court (Supreme Court) has inherent supervisory power over the judiciary. *See* O.R. Item 15 at ¶ 43; *see also* O.R. Item 16 at 7-8. On January 4, 2023, Appellants filed preliminary objections to Moulton's

---

[2] Judicial Rule 703(A) declared the Pennsylvania Supreme Court's (Supreme Court) policy that matters before the Unified Judicial System shall "be brought to a fair conclusion as promptly as possible, consistent with the character of the matter and the resources of the system[,]" and the Supreme Court implemented rules to help it "oversee the prompt and proper disposition of the business of the Pennsylvania courts." Pa.R.J.A. 703(A). To that end, Judicial Rule 703(B)(2) specifies, in relevant part: "Every judge shall compile a semi-annual report stating whether the judge has any matter that has been submitted to the judge for decision and remains undecided for [90] days or more as of the last day of the reporting period." Pa.R.J.A. 703(B)(2). Judicial Rule 703(G)(1) provides: "The Court Administrator of Pennsylvania shall immediately notify the Judicial Conduct Board if a judge fails to file a timely report as required by this [R]ule [703]." Pa.R.J.A. 703(G)(1).

[3] The trial court assigned the matter to the Honorable Cheryl L. Austin, a Montgomery County Common Pleas Court senior judge.

preliminary objections challenging Moulton's immunity defense.[4] *See* O.R. Item 20. The trial court precluded Appellants from filing a second amended complaint and directed them to answer Moulton's preliminary objections, which they did on January 13, 2023. *See* O.R. Items 21, 26. In their answer, Appellants admitted that the trial court lacked subject matter jurisdiction and added that Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103, required the trial court to transfer the matter to the proper court. *See* O.R. Item 26 ¶¶ 22, 36, 42-43.

On March 10, 2023, the trial court held oral argument, sustained Moulton's preliminary objections from the bench, and dismissed the Amended Complaint on the basis that Appellants had an available alternate remedy and, thus, failed to state a valid claim for mandamus relief.[5, 6] *See* R.R. at 50a; *see also* R.R. at 30a-49a, 51a-60a.

In the meantime, in a separate case, on May 3, 2024, this Court issued an Opinion and Order in *Malloy v. Moulton* (Pa. Cmwlth. Nos. 971 C.D. 2022, 1342 C.D. 2022, and 133 C.D. 2023, filed May 3, 2024) (*Moulton I*), *reconsideration and reargument denied* (Jan. 13, 2026), transferring that appeal to the Supreme Court, ruling that the Supreme Court had original jurisdiction over mandamus claims against Moulton because they implicate the Supreme Court's supervisory and

---

[4] The trial court did not address Appellants' preliminary objections to Moulton's preliminary objections.

[5] This ruling was never entered in the trial court's docket.

[6] To state a claim for mandamus, a petitioner must establish the following three elements: (1) a clear legal right to relief in the petitioner; (2) a corresponding duty in the respondent; and[] (3) the lack of any other adequate and appropriate remedy. *Wilson v. Pa. Bd. of Prob. & Parole*, 942 A.2d 270, 272 (Pa. Cmwlth. 2008). "Mandamus is not available to establish legal rights but only to enforce rights that have been established." *Smires v. O'Shell*, 126 A.3d 383, 387 (Pa. Cmwlth. 2015) (citations omitted).

*Baron v. Dep't of Hum. Servs.*, 169 A.3d 1268, 1272 (Pa. Cmwlth. 2017), *aff'd*, 194 A.3d 563 (Pa. 2018).

3

administrative responsibilities.[7]  On July 6, 2024, Appellants filed the Petition to Transfer Case in the trial court, seeking to have the trial court transfer the matter to the Supreme Court consistent with *Moulton I*.  *See* O.R. Items 35-36; *see also* Petition to Transfer Case, Ex. A (*Moulton I*, May 3, 2024 Opinion and Order).  On July 24, 2024, Moulton opposed the Petition to Transfer Case, arguing that the trial court had previously dismissed Appellants' Amended Complaint and closed the case on March 10, 2023, more than one year earlier.  *See* O.R. Item 38.

On July 16, 2024, the Supreme Court ruled in *Moulton I* that mandamus actions against Moulton belonged in this Court's original jurisdiction and returned *Moulton I* to this Court.[8]  By order dated July 15, 2024 (entered July 25, 2024), the trial court declared as to Appellants' Petition to Transfer Case:

---

[7] In *Moulton I*, Appellants filed a complaint in mandamus asking the trial court to compel Moulton to notify the JCB that trial court judges - the Honorable Barry C. Dozor (Judge Dozor) and the Honorable G. Michael Green (Judge Green) - had violated Judicial Rule 703(G)(1).  *See* Trial Court Docket No. CV-2021-003730.  In that litigation, Appellants filed their fifth amended complaint on October 4, 2021, and, thereafter, a motion to transfer that matter to the proper forum. On October 22, 2021, Moulton filed preliminary objections, therein asserting Appellants lacked standing, they failed to state a valid mandamus claim, and Moulton enjoyed sovereign immunity protection.  Appellants opposed the preliminary objections.  On December 28, 2021, the trial court sustained the preliminary objections and dismissed the action with prejudice.  On September 19, 2022, the trial court denied as moot Appellants' petition to transfer case.  Appellants appealed from all three orders to this Court.  *See Moulton I*.  This Court consolidated the matters and, on May 3, 2024, vacated the trial court's December 28, 2021 order, directed transfer of the matter to the Supreme Court, and dismissed the June 28 and September 19, 2022 orders and the Petition to Transfer Case as moot.

[8] By July 16, 2024 Order, the Supreme Court transferred the matter to this Court on the basis that Moulton, as Court Administrator, is an officer of the Commonwealth government (not a jurist) and, thus, the matter belongs in this Court's original jurisdiction.  By October 3, 2024 Order, this Court adopted the filings in the trial court, including a Motion to Enforce the Code of Conduct for Employees of the Unified Judicial System (Motion to Enforce) naming Judge Dozor, Judge Green, and Senior Judge Shenkin, and Moulton's answer as though initially filed in this Court's original jurisdiction.  *See Moulton I*, Pa. Cmwlth. No. 493 M.D. 2021.  This Court declared that it would decide the Motion to Enforce along with the preliminary objections.  **On December 17, 2025**, **this Court in *Moulton I* sustained Moulton's preliminary objection to Appellants' standing and dismissed Appellants' petition for review** and Motion to Enforce.  On December 29, 2025, Appellants filed an application for reconsideration which this Court denied on January

4

> [U]pon consideration of the Commonwealth Court's decision dated May 3, 2024 (stating that th[e trial] court lacked jurisdiction relative to this case) and its transfer of the case to the [] Supreme Court, as well as [Appellants'] recent Petition [to Transfer Case] seeking th[e trial] court's [o]rder to transfer, it is hereby ORDERED that th[e trial] court lacks capacity to act and the case transfer renders [Appellants'] Petition [to Transfer Case] MOOT and it is therefore DISMISSED.
>
> This docket is ORDERED to be marked "CLOSED."

R.R. at 61a. On July 29, 2024, Appellants appealed to this Court.[9] The trial court issued an opinion on December 11, 2024, therein stating, in relevant part:[10]

> [T]he Commonwealth Court's decision that this [trial] court lacked jurisdiction to act was not the subject of appeal. Its decision was therefore final. That fact, combined with the case's transfer to the highest court in the Commonwealth[,] rendered [this trial court's] directive to close the case both ineluctable and imperative. Thus, the legal and logical end to this matter is also the simplest - summary dismissal of the current appeal.

R.R. at 62a.

On January 17, 2025, this Court issued a schedule for filing briefs and a reproduced record. On February 12, 2025, Appellants filed an Application for Relief - Transfer from Appellate Jurisdiction to Original Jurisdiction (Transfer Application). That same day, Appellants filed an Application for an Extension of Time to File Brief and Reproduced Record pending this Court's decision on their Transfer Application (Extension Application). On February 19, 2025, this Court granted the Extension Application, therein staying the January 17, 2025 briefing

_____

13, 2026. On January 14, 2026, Appellants appealed from this Court's dismissal to the Supreme Court.

[9] The question of whether a trial court possesses subject matter jurisdiction is one of law and this Court's standard of review is *de novo*. *See Domus, Inc. v. Signature Bldg. Sys. of PA, LLC*, 252 A.3d 628 (Pa. 2021).

[10] The trial court did not direct Appellants to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

schedule. On March 3, 2025, Moulton filed a response to the Transfer Application, agreeing that the trial court lacked jurisdiction to grant Appellants' requested relief, but arguing that Appellants' Transfer Application lacks merit because the trial court dismissed the underlying Amended Complaint and closed the case more than a year before Appellants took their appeal and, thus, there is no action or controversy to transfer.

On March 10, 2025, Appellants filed an Application for Relief – Requesting Service be Compelled (Application to Compel), asserting that Moulton failed to properly serve documents on them.[11] By April 3, 2025 Order, this Court directed that the Transfer Application be listed for consideration with the merits of the appeal, and further denied the Application to Compel because Appellants had not stated with specificity which filings they had not received, but therein allowed Appellants to refile it if they had still not received Moulton's filings.[12]

## Discussion

**Quashal**

Preliminarily, Moulton argues that Appellants' appeal from the trial court's denial of their Petition to Transfer Case is untimely and improper because the trial court dismissed and closed the case more than a year earlier in its March 10,

---

[11] On March 4, 2025, Appellants informed Moulton that although they qualified to file documents electronically (i.e., e-file) in the trial court, they did not qualify as e-filers in this Court and, thus, Moulton must mail or email to them filings he makes in this Court. *See* Appl. to Compel Ex. A.

[12] On June 11, 2025, Appellants filed an Application for Clarification (Clarification Application), declaring that this Court had not yet issued a decision on the Transfer Application and asking whether this Court will lift the February 19, 2025 stay and set forth a schedule for filing briefs and a reproduced record. By June 18, 2025 Order, this Court lifted the February 19, 2025 stay and issued a briefing schedule. Consistent with this Court's new scheduling order, Appellants filed their brief and Reproduced Record, and Moulton timely filed his brief.

6

2023 bench ruling and Appellants did not appeal from the trial court's March 10, 2023 bench ruling.

This Court acknowledges that the "Supreme Court has cautioned that '[i]n order to perfect an appeal, parties must strictly adhere to the statutory provisions for filing an appeal.'" *Best Courier v. Dep't of Lab. & Indus.*, 220 A.3d 696, 700 (Pa. Cmwlth. 2019) (quoting *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001)). Pennsylvania Rule of Appellate Procedure (Appellate Rule) 903(a) mandates that a notice of appeal from a trial court's order "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Moreover, "[i]t is well established that the failure to file an appeal within the requisite time period is jurisdictional." *Best Courier*, 220 A.3d at 700. Finally, "[u]nder Section 5505 of the Judicial Code,[13] a trial court lacks authority to award additional relief sought more than 30 days after its final order in a case." *Ness v. York Twp. Bd. of Comm'rs*, 123 A.3d 1166, 1169 (Pa. Cmwlth. 2015) (footnote omitted).

However, Appellate Rule 301(a)(1) declares, in pertinent part: "[N]o order of a court shall be appealable until it has been entered upon the appropriate docket in the trial court." Pa.R.A.P. 301(a)(1). Further, Pennsylvania Rule of Civil Procedure (Civil Rule) 236(a) requires that a trial court prothonotary "shall immediately give written notice of the entry of . . . any [] order or judgment to each party's attorney of record or, if unrepresented, to each party[,]" together with "a copy of the order or judgment." Pa.R.Civ.P. 236(a). In addition, in accordance with Civil Rule 236(b), the trial court "prothonotary shall note in the docket the giving of the notice[.]" Pa.R.Civ.P. 236(b). "Thus, pursuant to the express terms of the [Appellate R]ules, an order is not appealable until it is entered on the docket with

---

[13] Section 5505 of the Judicial Code states: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry . . . if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505.

the required notation that appropriate notice has been given." *Frazier v. City of Phila.*, 735 A.2d 113, 115 (Pa. 1999). The Supreme Court expounded:

> That the parties may have received notice of the order does not alter the formal date of its entry and the associated commencement of the period allowed for appeal for purposes of the [Appellate R]ules. The procedural requirements reflected in the [Appellate R]ules serve to promote clarity, certainty[,] and ease of determination, so that an appellate court will immediately know whether an appeal was perfected in a timely manner, thus eliminating the need for a case-by-case factual determination.

*Id*. at 115.

Here, although the trial court verbally notified the parties of its ruling on Moulton's preliminary objections from the bench at the conclusion of the March 10, 2023 hearing, the trial court's docket only reflects two entries between the hearing and Appellants' filing of their Petition to Transfer Case - the filing of "Miscellaneous - Transcript of Proceedings" on April 3 and April 12, 2023. R.R. at 63a. The trial court's docket does not show that the trial court entered an order memorializing its March 10, 2023 bench ruling sustaining Moulton's preliminary objections, nor is there a notation that the parties were sent written notice thereof.[14] Moreover, the trial court did not direct that the action was *closed* until it issued the July 15, 2024 order (entered July 25, 2024).[15] "[B]ecause there was no corresponding entry in the docket, formal entry of [an] order did not occur under the [Appellate R]ules, and [an] appeal period was not triggered." *Frazier*, 735 A.2d at 115. Therefore, that Appellants did not appeal from the trial court's March 10, 2023

---

[14] While, arguably, the filing of the transcript included the trial court's oral order and therefore is *entry* of the order on the docket, because the trial court prothonotary did not note in the docket the giving of notice, the order would still not be appealable. *See* Pa.R.Civ.P. 236(b).

[15] Notably, the trial court's docket reflects that the order was entered on July 25, 2024, and notice thereof was provided to the parties pursuant to Civil Rule 236. *See* O.R., Civil Docket Report, at 5.

8

bench ruling was not fatal. The action remained pending and allowed for Appellants to file, and the trial court to rule on, their Petition to Transfer Case.

**Trial Court Transfer**

Appellants argue that the trial court mistakenly concluded that this case had been transferred to the proper court and erred by refusing to order its transfer. In its order dated July 15, 2024 (entered July 25, 2024), the trial court declared that it lacked the capacity to act at that point because the matter had been transferred to the Supreme Court. *See* R.R. at 61a. That was not the case. *Moulton I* had been transferred to the Supreme Court, not the action filed at Trial Court Docket No. CV-2022-00791.[16]

Despite urgings from both parties in their filings, plus guidance in the form of this Court's May 3, 2024 Order and, later, the Supreme Court's July 16, 2024 rulings in *Moulton I* that the trial court lacked jurisdiction in a case like this one, the trial court failed to transfer it to the proper court. Accordingly, the trial court erred by dismissing this matter rather than transferring it to the proper court pursuant to Section 5103(a) of the Judicial Code.[17] *See Casselli v. State Police*, 606

---

[16] Although the Supreme Court later determined that this Court had jurisdiction and transferred the matter to this Court.

[17] Section 5103(a) of the Judicial Code, indeed, declares:

> **If an appeal or other matter is taken to or brought in a court** . . . of this Commonwealth **which does not have jurisdiction** of the appeal or other matter, **the court** . . . shall not quash such appeal or dismiss the matter, but **shall transfer the record thereof to the proper tribunal of this Commonwealth**, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. **A matter which is within the exclusive jurisdiction of a court** . . . of this Commonwealth but which is commenced in any other tribunal of this Commonwealth **shall be transferred by the other tribunal to**

A.2d 663, 666 (Pa. Cmwlth. 1992) ("[T]he trial court, concluding that jurisdiction lies with [the] Commonwealth Court, should have transferred the case to this Court.").

**This Court's Transfer**

Appellants argue that this Court is authorized to transfer the matter from its appellate jurisdiction to its original jurisdiction. Regardless of whether this Court may itself transfer this matter from its appellate jurisdiction to its original jurisdiction (rather than remand for the trial court to enter a transfer order), the Supreme Court has held that where "there is no possibility that the result would be any different, judicial economy dictates that [a court] affirm the order." *Scott v. Pa. Bd. of Prob. & Parole*, 284 A.3d 178, 198 n.17 (Pa. 2022); *see also Hangey v. Husqvarna Prof'l Prods., Inc.*, 304 A.3d 1120, 1149 n.25 (Pa. 2023) ("[A court] need not waste judicial resources with a remand where the law compels a particular outcome."); *Smock v. Commonwealth*, 436 A.2d 615, 617 (Pa. 1981) (plurality opinion) ("In appropriate circumstances, a court may refuse, in the interest of judicial economy, to transfer a matter where that court determines that under no circumstances could the transferee tribunal grant the requested relief."); *McCain v. Curione*, 527 A.2d 591, 592 n.1 (Pa. Cmwlth. 1987) (where in view of a determination that the petitioner failed to state a cause of action in the petition for review, "a transfer of the action as to [the respondent] pursuant to Section 5103(a) of the Judicial Code . . . would serve no useful purpose.").

Relevant here, this Court recently concluded upon transfer of *Moulton I* to this Court's original jurisdiction, that because Appellants' interest in Moulton

---

> **the proper court** . . . of this Commonwealth where it shall be treated as if originally filed in the transferee court . . . of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103(a) (emphasis added); *see also* Appellate Rule 751.

10

reporting Senior Judge Shenkin to the JCB was not substantial, direct, or immediate, they were not aggrieved and, thus, lacked traditional standing to bring their mandamus action. This Court also ruled that Appellants lacked taxpayer standing.[18] Accordingly, even if this Court transferred this matter from its appellate jurisdiction to its original jurisdiction, because it ruled in *Moulton I* that Appellants lack standing to have this Court compel Moulton to report judges to the JCB for Judicial Rule 703(G)(1) violations, the result would be the same in the instant matter, and transfer would have no useful purpose.

## Conclusion

Based on the foregoing, the Transfer Application is denied, and the trial court's order dated July 15, 2024 (entered July 25, 2024), is affirmed.[19]

---

[18] This Court explained:

> Even if this Court were to agree that Moulton's purported [Judicial] Rule 703(G)(1) violations "would otherwise go unchallenged" because the [trial court j]udges "are not inclined to challenge" them, *id.*, judicial relief is not appropriate because [Appellants] admit that Senior Judge Shenkin, who replaced the [trial court j]udges in the 2015 [l]itigation, was better situated than [Appellants] to raise Moulton's failure to comply with the law. Further, there is redress available to [Appellants] in that they could have filed complaints with the JCB . . . regarding the [trial court j]udges' purported [Judicial] Rule 703 violations, and reported Moulton to the Office of Disciplinary Counsel, which is the body tasked with investigating complaints by individuals (including private citizens) of attorney misconduct and determining whether the allegations warrant formal disciplinary action before the Supreme Court's Disciplinary Board.

*Moulton I*, slip op. at 11-12 (footnotes and citations omitted).

[19] "[This Court] 'may affirm on other grounds where grounds for affirmance exist.'" *In re Heinz*, 316 A.3d 1062, 1076 (Pa. Cmwlth. 2024), *reargument denied* (July 11, 2024), *appeal denied*, 334 A.3d 229 (Pa. 2025), *reconsideration denied* (Apr. 3, 2025), and *cert. denied sub nom. Heinz v. City of Phila. Bureau of Admin. Adjudication*, 146 S.Ct. 300 (2025) (quoting *FP Willow Ridge Assocs., L.P. v. Allen Twp.*, 166 A.3d 487, 496 n.11 (Pa. Cmwlth. 2017)).

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah R. Malloy and :
Edward C. Malloy, :
       Appellants :
           :
          v. :
           : No. 970 C.D. 2024
Hon. H. Geoffrey Moulton, Jr. :

PER CURIAM

## O R D E R

AND NOW, this 23rd day of March, 2026, the Delaware County Common Pleas Court's order dated July 15, 2024 (entered July 25, 2024), is AFFIRMED. Deborah R. Malloy's and Edward C. Malloy's Application for Relief - Transfer from Appellate Jurisdiction to Original Jurisdiction is DENIED.